CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 2

FILED ENTERED
LODGED RECEIVED
JUN 12 2007
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., ET AL., PLAINTIFFS, v. CENTERS & MALLS, LLC, ET AL., DEFENDANTS. | Case No. 8:07 CV 1182 AW |

**PROTECTIVE ORDER**

To protect proprietary information relating to the business and financial affairs of the parties to this litigation, and to protect the privacy of the parties and other individuals and entities, it is, pursuant to Federal Rule of Civil Procedure 26(c) and at the request of the parties, ORDERED that:

1. This Order shall govern the handling of "Confidential Information," as that term is defined in Paragraph 2 hereof, contained in documents, depositions and deposition exhibits, interrogatory answers, responses to requests for admissions and other written, recorded or graphic matter produced or obtained from any party or other individual or entity during the pre-trial proceedings in the above-captioned matter (hereinafter "discovery material").

2. In the event a party desires to designate discovery material containing proprietary business information, trade secrets or which would constitute an invasion of privacy as "Confidential Information" subject to the Protective Order, the party (the "designating party") shall affix the legend "Confidential" on such discovery material. Within ten (10) business

Dockets.Justia.com

days of receipt of discovery material bearing the legend "Confidential," any non-designating party may notify the designating party that it contests the designation, in which event the non-designating party shall have ten (10) business days after such notification to the designating party to seek permission from the Court to remove the designation of such discovery material as Confidential, on notice to all parties. In the event the non-designating party seeks permission of the Court to remove the designation of such discovery material as Confidential the information at issue shall be treated as Confidential Information until the Court rules on the request of the non-designating party. In the event none of the non-designating parties contests the designation within the prescribed time period, or having contested the designation fail to apply to the Court for relief within the prescribed time period, the non-designating parties will be deemed to consent to the designation.

3. All depositions and deposition exhibits shall be treated as "Confidential Information," without designation for a period of 30 days after being made available by the court reporter or 30 days after entry of this Order, whichever shall occur last. Thereafter this information will no longer be considered confidential unless independently designated as such per the terms of this Order.

4. In designating discovery material as "Confidential Information," each party and individual or entity disclosing discovery material will make such designation only as to that information that it in good faith believes contains proprietary business information or trade secrets or which would constitute an invasion of privacy of the parties to this litigation, the individual or entity disclosing the discovery material, or a third party disclosing discovery material. The parties expressly agree and acknowledge that any information that was placed

before the public prior to the date of this Protective Order or was lawfully obtained other than through discovery shall not constitute "Confidential Information" hereunder notwithstanding that such information may also come into one of the foregoing categories.

5. Except with the prior written consent of the producing party, individual or entity disclosing discovery material, any discovery material which contains Confidential Information shall not be disclosed to any person or used for any purpose, except as permitted by paragraphs 6 and 7 below.

6. Under no circumstances, other than those specifically provided for in this Order or subsequent court orders, or other than with the explicit consent in writing of the producing party, individual or entity, shall Confidential Information or its contents in any way whatsoever be revealed, disclosed, used or otherwise made known to persons other than the following:

a) Attorneys of record and attorneys designated as of counsel in the above-captioned matter (hereinafter "this litigation") and employees of such attorneys to whom it is necessary that Confidential Information be disclosed for purposes of this litigation;

b) The parties and any employees of the parties to whom it is necessary that Confidential Information be disclosed for purposes of this litigation;

c) Any outside consultant, including any expert witness, retained or employed by any party or its attorneys of record in this litigation for the purpose of assisting with the preparation of this case for trial, provided that any such person is identified in writing to all parties and provided that such party agrees in writing, in accordance with

paragraph 7 hereof, to observe the terms of this Protective Order and not to disclose Confidential Information to any party except as permitted herein;

d) Persons noticed for deposition or designated as trial witnesses to the extent reasonably necessary in preparing to testify.

e) Any other person who is designated as a Qualified Person by stipulation of the parties or order of the Court, after notice to all parties; and

f) The Court in which this action is pending and its support personnel.

7. Prior to disclosure of Confidential Information to any person identified in subparagraphs 6 b) through d), counsel for the party seeking to make such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Order and obtain written agreement of such person to be bound by the terms of this Order prior to any disclosure.

8. Except as provided for in paragraphs 6 and 7 above, under no circumstances shall any person or other entity, who gains access to any Confidential Information pursuant to the terms of the Order, use Confidential Information as a basis for initiating or suggesting any other litigation, an investigation or the issuance of compulsory process, by any Federal, State, District of Columbia or local law enforcement agency or any representative thereof or any administrative, professional licensing board or any representative thereof.

9. All transcripts of depositions, exhibits, responses to interrogatories or requests for admissions, affidavits, briefs, memoranda of law, or other documents filed with the Court during any pretrial proceedings in this action which reproduce or otherwise disclose Confidential Information shall be filed in sealed envelopes or other containers on which shall

be endorsed the title and case number of this action, an indication of the general nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

CONFIDENTIAL

> This envelope or container contains documents, materials, or tangible things filed in this case by (name of party), and is not to be opened, nor the contents thereof displayed or revealed, except by Order of Court.

10. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information, provided however, that if any party discloses its own Confidential Information to a governmental authority or third party without an expectation of confidentiality based on law or written agreement, said information shall no longer be deemed "Confidential Information" for purposes of this Protective Order.

11. Upon conclusion of this litigation, including all appeals, all discovery material supplied by a producing party, individual or entity and all copies thereof (including without limitation, copies provided to any experts) which contains Confidential Information shall be returned to counsel for the producing party or, in the alternative, destroyed by counsel for the party to whom discovery material was produced. As to those materials containing Confidential Information, but which constitute counsel's work product, counsel shall destroy such work product and all copies thereof, provided that counsel for each party may retain one complete set of documents filed with the Court in this action, which set shall be governed by the terms of this Order.

12. Nothing in this Order shall prevent any party from seeking modification of this Order by the Court.

13. The purpose of this Order is not to restrict the parties' access to discoverable information, but rather to protect unnecessary disclosure of proprietary information and protect the privacy of the parties, individuals and entities disclosing Confidential Information.

14. The provisions of this Order shall survive and remain in full force and effect after entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

15. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any Confidential Information is subject to discovery or is admissible as evidence in this case.

16. The Court retains jurisdiction, both before and after entry of final judgment in this case (whether by settlement or litigation) to construe, enforce, and amend the provisions of this Order.

17. The parties stipulate and agree that a violation of this Order will not give rise to a claim for civil damages against the party or person violating the Order. Any penalty for violation of this Order shall be in the discretion of the Court.

18. In the event there is a conflict between the provisions of this Order and the provisions of any Scheduling Order or Rule 26(f) report governing pre-trial discovery, the provisions of this Order shall control.

Dated: 6/12/07

So Ordered.

Alejandro Williams Jr.

United States District Judge