CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 2

FILED ENTERED
LODGED RECEIVED
JUN 12 2007
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CoSTAR REALTY INFORMATION, INC., *et. al.* *
*
Plaintiffs, *
*
v. * Case No.: 07 CV 01182 AW
*
CENTERS & MALLS, LLC, *et. al.* *
*
Defendants. *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiffs' Rule 65(b) Motion for a Temporary Restraining Order, all responsive pleadings, and the evidence and arguments introduced at the June 8, 2007, evidentiary hearing in this matter, the Court makes the following findings:

1. That this Court has authority to exercise *in personam* jurisdiction over Defendant Centers & Malls, LLC under both the Maryland Long-Arm Statute and the Due Process Clause of the United States Constitution, based on Defendant Centers & Malls' contacts with the State of Maryland.

2. That Plaintiff CoStar Realty Information, Inc.'s ("CoStar's") employment agreements with Defendants Robert Galvin and Guy Hays ("the Galvin and Hays employment agreements") are supported by valuable consideration and that, therefore, Defendants Galvin and Hays' consent to jurisdiction in the United States District Court for the District of Maryland is enforceable.

3. That the restrictions contained in the non-competition provisions of the Galvin and Hays employment agreements are enforceable under Maryland law in that they are reasonable and not overly broad or unconscionable.

Dockets.Justia.com

4. That the CoStar/National Research Bureau Shopping Center Directory is a copyrightable compilation based upon its arrangement and form, and the unique and creative nature of its data fields. Defendants have copied protected portions of this compilation without Plaintiffs' permission; therefore it is likely that Plaintiffs will succeed in their copyright infringement claim against Defendants.

5. That CoStar has suffered irreparable harm as a result of Defendants' actions in the form of lost customers, jobs, morale, and revenues the value of which are incalculable due to uncontrolled distribution of protected data that cannot be completely quantified.

6. That Defendants have offered no evidence that Centers & Malls, Robert Galvin, or Guy Hays will suffer irreparable harm if a temporary restraining order is entered against them.

7. That it is in the public interest for this Court to protect the property rights of businesses located and employing individuals within the State of Maryland.

Based on the above findings as well as the oral ruling read into the record at the June 8, 2007, Hearing in this matter, it is this 12th day of June, 2007;

ORDERED, that Plaintiffs' Motion for a Temporary Restraining Order is hereby GRANTED as of the date of this Court's June 8, 2007, oral ruling and shall expire ten days therefrom as required by Rule 65(b); and it is further

ORDERED, that Defendant Centers & Malls shall immediately cease and desist from the sale, distribution, and utilization of its retail and/or shopping center database products and services; and it is further

ORDERED, that Defendants Centers & Malls shall immediately prohibit access to its retail and/or shopping center database products and services via the Centers & Malls' website at www.centersandmalls.com including access to the site's "Test Drive" function; and it is further

ORDERED, that Defendant Centers & Malls shall immediately suspend all licensing agreements (including value added reseller agreements) with subscribers to its retail and/or shopping center database products and services; and it is further

ORDERED, that Defendant Centers & Malls shall immediately provide this Temporary Restraining Order to all value added resellers ("VARs") and licensees of the Centers & Malls retail and/or shopping center database products and services. Centers & Malls shall also instruct these VARs and licensees to immediately cease any and all sale, distribution, and utilization of such database products and services, and Centers & Malls shall instruct these VARs and licensees to provide notice to all end users of these database products and services that the sale, distribution, and utilization of these products and services must be suspended. Centers and Malls shall provide sworn written proof to this Court that it has taken these measures within five (5) business days of the entry of this Order; and it is further

ORDERED, that Defendants Centers & Malls shall immediately provide CoStar with a complete list of the names, addresses, phone numbers, e-mail addresses, and any and all other contact information of all subscribers to the Centers & Malls retail and/or shopping center database products and services, including multiple users and VARs; and it is further

ORDERED that Defendant Centers & Malls immediately instruct any and all relevant parties, including its Internet service provider Neospire Corporation, to cease and desist from hosting and providing access to the Centers & Malls retail and/or shopping center database products and services, and provide proof to this Court that it has done so within five (5) business days of the entry of this Order; and it is further

ORDERED that Plaintiffs shall post a bond pursuant to Rule 65 in the amount of One Hundred Thousand Dollars ($100,000.00) within five (5) business days of the entry of this Order.

IT IS SO ORDERED.

Alexander Williams Jr.

Judge Alexander Williams, Jr.
United States District Judge

cc: Thomas L. McCally, Esquire
Kevin M. Murphy, Esquire
Nat P. Calamis, Esquire
Carr Maloney P.C.
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
***Attorney for Plaintiffs***

Walter E. Diercks, Esquire
Jeffrey Harris, Esquire
Rubin, Winston, Diercks, Harris & Cooke LLP
1155 Connecticut Ave., N.W., 6th Floor
Washington, D.C. 20036
***Attorney for Defendants***