**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CoSTAR REALTY INFORMATION, INC., *et. al.* *
*
Plaintiffs, *
*
v. * Case No.: 07 CV 01182 AW
*
CENTERS & MALLS, LLC, *et. al.* *
*
Defendants. *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, CoStar Realty Information, Inc. ("CoStar"), and National Research Bureau, Inc. ("NRB"),[1] through counsel, hereby file this Opposition to Defendants Centers & Malls LLC ("Centers & Malls"), Robert Galvin ("Galvin") and Guy Hays ("Hays") Motion to Dismiss. In support of this Opposition, Plaintiffs state as follows

## I. BACKGROUND

On May 8, 2007 Plaintiffs simultaneously filed a Complaint and Motion for Temporary Restraining Order in the above-captioned matter. The Complaint consists of eleven Counts against Defendants Centers & Malls, Galvin, and Hays, including copyright infringement, breach of contract, intentional interference with contractual relations, and civil conspiracy. On May 31, 2007, Defendants filed a Motion to Dismiss. The motion requested that Plaintiffs' Complaint be dismissed in its entirety pursuant to Rule 12(b)(2), or in the alternative, that nine of Plaintiffs' eleven counts be dismissed pursuant to Rule 12(b)(6). At a hearing held on June 8, 2007, this Court granted Plaintiffs' Motion for a Temporary Restraining Order. As will be set forth more fully below, the majority of the issues raised in Defendants' Motion to Dismiss should be denied

[1] NRB has recently assigned all of its intellectual property rights to CoStar and has been merged into CoStar. An Amended Complaint reflecting this change will be filed shortly.

Dockets.Justia.com

as moot based on the Court's ruling on Plaintiffs' Motion for a Temporary Restraining Order. Further, each of the remaining counts addressed in Defendants' Motion to Dismiss clearly set forth claims for which relief can be granted. As a result, Defendants' Motion to Dismiss should be denied in its entirety. As an alternative to denying Defendants' Motion to Dismiss in its entirety, this Court should grant Plaintiffs leave to file an amended complaint to include various facts uncovered during preliminary discovery in this matter that would allow Plaintiffs to plead some of their causes of action with more specificity.

## II. <u>ARGUMENT</u>

### *A. Legal Standard for a Rule 12(b)(2) Motion to Dismiss*

When determining whether a court has authority to exercise personal jurisdiction over a non-resident defendant, "the burden on the plaintiff is simply to make a prima facie showing of sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor. *Mylan Labs, Inc. v. Akzo, N.V.*, 2 F. 3d 56, 60 (4th Cir. 1993).

#### 1. Defendants' claim that the Court lacks personal jurisdiction over Centers & Malls should be denied as moot

Defendants' Motion to Dismiss first claims that this Court lacks personal jurisdiction over Defendant Centers' & Malls. To rebut this claim Plaintiffs hereby adopt and incorporate by reference the arguments already set forth in their Motion for a Temporary Restraining Order and Reply Brief, as well as the arguments put forth on the record at the June 8, 2007 hearing in this matter. This Court has already considered this issue after extensive briefing and oral argument from both Plaintiffs and Defendants, and determined that it did not "have any difficulty finding

that Plaintiff has met its burden by a preponderance of the evidence that at the very least there's been specific jurisdiction and, quite arguably, general jurisdiction." *See* Hearing Transcript, 95:23-96:1, attached hereto as Exhibit 1. This Court has already ruled with respect to personal jurisdiction over Centers & Malls at the June 8, 2007 hearing in this matter, and as such, Defendants' Motion to Dismiss on this issue should be denied as moot.[2]

**2. Defendants' claim that the Court lacks personal jurisdiction over Galvin and Hays should be denied as moot**

Defendants' Motion to Dismiss next claims that the Court lacks personal jurisdiction over Galvin and Hays. Defendants claim that Galvin and Hays' consent to jurisdiction within the State of Maryland in their employment agreements with CoStar was unenforceable because the agreements lacked consideration. Again, Plaintiffs adopt and incorporate by reference the arguments already set forth in their Motion for a Temporary Restraining Order and Reply Brief, as well as the arguments put forth on the record at the June 8, 2007 hearing in this matter. This Court has already considered this issue after extensive briefing and oral argument from both Plaintiffs and Defendants. The Court has determined that the Galvin and Hays agreements were supported by adequate consideration, and that "both Galvin and Hays are amenable to the jurisdiction and suit here in Maryland." *See* Exhibit 1, p.93:23-94:5. As such, Defendants' Motion to Dismiss with respect to this issue should be denied as moot based on this Court's ruling at the June 8, 2007 hearing in this matter.

***B. Legal Standard for a Rule 12(b)(6) Motion to Dismiss***

"The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint; importantly a Rule 12(b)(6) motion does not resolve contests surrounding the facts,

[2] It should be noted that Plaintiffs attempted to circumvent the need to expend time and resources to re-argue this and other issues below that have already been decided by the Court by requesting that Defendants' counsel withdraw arguments from the Motion to Dismiss that have already been addressed by the Court. Counsel for Defendants refused this request. *See* June 13th e-mail correspondence between counsel, attached hereto as Exhibit 2.

the merits of a claim, or the applicability of defenses." *Takacs v. Fiore*, 473 F. Supp. 2d. 647, 651 (D. Md. 2007), citing *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) Courts will assume "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir.2000) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir.2001); *see also Venkatraman v. REI Sys., Inc.,* 417 F.3d 418, 420 (4th Cir.2005).

**1. Defendants' Argument that Plaintiffs' Count for Copyright Infringement fails to state a claim for which relief can be granted should be denied as moot**

Defendants' Motion to Dismiss argues that Plaintiffs' claim for copyright infringement fails to state a claim for which relief can be granted. Defendants' argue that the Shopping Center Directory--the database at issue in this litigation--is not copyrightable, and that Defendants did not copy protected elements of the database. Plaintiffs again adopt and incorporate by reference the arguments already set forth in their Motion for a Temporary Restraining Order and Reply Brief, as well as the arguments put forth on the record at the June 8, 2007, hearing in this matter. This Court has already considered this issue after extensive briefing and oral argument from both Plaintiffs and Defendants, and determined that the Shopping Center Directory is copyrightable as it is "unique in its arrangements, and . . . goes beyond raw facts." *See* Exhibit 1, 96:19-20. The Court further determined that the Shopping Center Directory contained "unique classifications." Exhibit 1 at p. 96:22. The Court also found that the Shopping Center Directory was simply taken

by the Defendants and used to create a competing database, therefore "there's a very good likelihood that plaintiff will prevail in this case involving the copyright act . . .". *Id* at 100:9-11. As was stated above, a Rule 12(b)(6) motion to dismiss should only be considered when a Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The Court has already determined that Plaintiffs have far exceeded this minimal standard, therefore Defendants' Motion to Dismiss with respect to this issue should be denied as moot.

**2. Plaintiffs breach of contract claim against Galvin and Hays for violating Section 2.1 of their employment agreements is a claim for which relief may be granted**

Count II of Plaintiffs' Complaint alleges that Defendants Galvin and Hays breached their employment agreements with CoStar by disclosing Confidential Information to Centers & Malls. Defendants claim that this Count should be dismissed because it is preempted by federal copyright law. Defendants' Motion accurately points out the two-prong test for determining whether a state law claim will be preempted by the Copyright Act. First, the work must be within the scope of the subject matter of copyright, and second, the rights granted under the state law must be equivalent to any exclusive rights within the scope of the federal copyright law. *Roscisczewski v. Arete Associates, Inc.*, 1 F.3d 225, 229 (4th Cir. 1993). Defendants argue that the two-pronged test for preemption is satisfied in the instant case with respect to Count II of Plaintiffs' Complaint. *See* Motion to Dismiss, p. 13. This argument is without merit.

Plaintiffs' Complaint alleges that Galvin and Hays breached section 2.1 of their employment agreements with CoStar by disclosing confidential information regarding the copyrighted CoStar database to Centers & Malls. *See* Complaint, ¶ 58. Preliminary discovery in this matter has revealed that both Galvin and Hays had access to CoStar's confidential information, including the customer list for the CoStar/NRB database. *See* Deposition of Robert

Galvin, attached hereto as Exhibit 3, p.122:18-123:14; *see also* Deposition of Guy Hays, attached hereto as Exhibit 4, 24:7-13. Further, Hays testified at his deposition that he has communicated with former CoStar/NRB clients while employed with Centers & Malls. *See* Exhibit 4, p. 98:8-100:5. Thus, a question of fact clearly exists as to whether Galvin and Hays breached their employment agreements with CoStar by revealing to Centers & Malls the confidential customer list for the CoStar/NRB database.[3]

Plaintiffs' claim that Galvin and Hays breached their employment agreements by disclosing this customer list to Centers & Malls is not preempted by the copyright act. To begin with, Plaintiffs' claims arising out of its customer list do not depend upon copyright law. In the instant case, Plaintiffs have copyrighted the Shopping Center Directory, a database containing various information related to thousands of shopping centers and malls throughout the United States. The list of customers of the Shopping Center Directory does not fall within the scope of this copyright. In addition, the rights protected by Plaintiffs' breach of contract claim for disclosure of confidential information are not the equivalent to the rights protected by the copyright infringement claim. With the breach of contract claim, Plaintiffs are attempting to protect their business opportunities from being diverted through the wrongful disclosure by Defendants of their customer lists. With their copyright infringement claim, Plaintiffs are attempting to protect their intellectual property that has been misappropriated. These are two entirely different claims which when proven, will entitle Plaintiffs to entirely distinct damages.

Defendants fail to establish both prongs required for a state law claim to be preempted by the copyright act. Further, Plaintiffs' claim that Galvin and Hays violated the non-disclosure

---

[3] Further, Plaintiffs' claim that Galvin and Hays violated section 2.1 of their employment agreements by disclosing CoStar's confidential information is not limited to allegations related to CoStar's customer list. Galvin and Hays had access to a great deal of confidential information related to CoStar's finances, pricing, and overall business strategy. Plaintiffs are confident that discovery in this matter will reveal that Galvin and Hays disclosed this and other information to Centers & Malls in violation of their employment agreements.

provisions of their employment agreements with CoStar is sufficiently pled to withstand a motion to dismiss. As a result, Defendants Motion to Dismiss Count II of Plaintiffs' complaint must be denied.

**3. Defendants' Motion to Dismiss Count III of Plaintiffs' Complaint should be denied as moot**

Defendants' Motion to Dismiss next argues that Plaintiffs' claim that Galvin and Hays breached the non-competition provisions of their employment agreements with CoStar fails to state a claim for which relief can be granted. Defendants argue that these non-competition provisions are unenforceable because they are unreasonably overbroad. Plaintiffs again adopt and incorporate by reference the arguments already set forth in their Motion for a Temporary Restraining Order and Reply Brief, as well as the arguments put forth on the record at the June 8, 2007, hearing in this matter. This Court has already considered this issue after extensive briefing and oral argument from both Plaintiffs and Defendants, and determined that the non-competition provisions of the Galvin and Hays employment agreements are not "overly broad and unconscionable or illegal." *See* Exhibit 1, p. 75:16-76:1. As a result of this Court's ruling at the June 8, 2007 hearing with respect to the enforceability of the non-competition provisions of the Galvin and Hays' employment agreements, Defendants' Motion to Dismiss with respect to this issue should be denied as moot.

**4. Plaintiffs' Count for tortious interference with contractual relations states a claim for which relief can be granted**

Defendants' Motion to Dismiss next argues that Plaintiffs' claim that Centers & Malls tortiously interfered with the employment agreements of Galvin and Hays should be dismissed. Defendants' entire basis for this argument is that the Galvin and Hays employment agreements are unenforceable. *See* Motion to Dismiss, p. 16. Defendants are correct that the existence of a

valid contract is a necessary element for establishing a claim for tortious interference with contractual relations. As was discussed above, however, this Court has already determined that the Galvin and Hays employment agreements are supported by adequate consideration and are not unreasonably overbroad. *See* Exhibit 1, p. 75:16-76:1; 93:23-94:5. These agreements are therefore enforceable, and Plaintiffs' Count for tortious interference with contractual relations states a claim for which relief can be granted.

**5. Plaintiffs' claim for tortious interference with prospective business relations should not be dismissed**

Defendants' Motion to Dismiss argues that Plaintiffs' count for tortious interference with prospective business relations is preempted by the copyright act. This argument is again, without merit. As was stated above, "the second prong of the preemption inquiry requires a court to examine the rights a plaintiff claims under state law to determine whether these rights are equivalent to the exclusive rights granted by the Copyright Act." *CoStar Group, Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 713 (D.Md. 2001), citing *Fischer v. Viacom Intern. Inc.,* 115 F.Supp.2d 535, 541 (D.Md.2000). "To avoid preemption, a cause of action defined by state law must incorporate elements beyond those necessary to prove copyright infringement and must regulate conduct qualitatively different from conduct governed by federal copyright law." *Id* citing *Trandes Corp v. Guy F. Atkinson Co.*, 996 F.2d 655, 659 (4th Cir. 1993).

Establishing a claim for tortious interference with prospective business requires a showing of entirely different elements well beyond what is needed to establish a claim for copyright infringement. To prevail on a claim for copyright infringement, a plaintiff must prove that it owns a valid copyright in the work, and that protected elements of the work were copied by the defendant. *See, e.g. Bouchat v. Baltimore Ravens, Inc.*, 241 F. 3d 350, 353 (4th Cir. 2001). Tortious interference with prospective business relations, on the other hand, requires proof of (1)

intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting. *Alexander & Alexander, Inc. v. B. Dixon Evander & Associates, Inc.*, 336 Md. 635, 652, 650 A.2d 260, 269 (1994). Thus, a tortious interference claim requires an additional element of intent that is not needed to prove a cause of action for copyright infringement. Beyond this, in the instant case Defendants did not simply copy Plaintiffs' copyrighted protected database. Defendants copied the database and used it to take customers away from Plaintiffs. This act creates an additional element of injury to Defendants not recognized by copyright law.[4]

Defendants' Motion to Dismiss also argues that Count V of Plaintiffs' Complaint should be dismissed because it fails to identify with specificity a possible future business relationship which is likely to occur absent the alleged interference. *See* Motion to Dismiss, p. 17 citing *Baron Fin. Corp. v. Natanzon*, 471 F. Supp. 2d 535, 542-46 (D. Md. 2006). This argument by Defendants ignores the fact that Plaintiffs have a reasonable expectation of entering into a business relationship with each and every one of Centers & Malls' present and prospective customers.[5] Centers & Malls is selling its database in direct competition with Plaintiffs at a dramatic discount. Thus, in the absence of Centers & Malls' interference, there is the possibility of Plaintiffs entering into a business relationship with each of these customers. For these reasons

[4] Plaintiffs also have a potential claim for tortious interference with prospective business relations arising out of Defendants use of Plaintiffs' customer lists and other confidential information to divert business opportunities away from Plaintiffs. Plaintiffs were not aware such a potential claim existed prior to conducting preliminary discovery, therefore it is not specifically pled in the Complaint. This claim would not arise out of a copyrighted work, and therefore would not be preempted by the copyright act.

[5] Specific Centers & Malls customer names were not included in the Complaint because Plaintiffs did not have this information prior to preliminary discovery. Plaintiffs do possess the names of these customers presently, and can easily amend their complaint to include these customer names if necessary.

there are undoubtedly specific potential business relationships which Plaintiffs would have likely consummated absent Defendants' interference.

### 6. Plaintiffs' Count for violation of § 43(a) of the Lanham Act should not be dismissed

Defendants Motion to Dismiss next relies on the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) which stated that §43(a) of the Lanham Act only protects producers of tangible goods that are offered for sale and not the author of an idea, concept, or communication embodied within those goods. Defendants argue that Count VI of Plaintiffs' Complaint is seeking Lanham Act protection only for communications and not tangible goods. *See* Motion to Dismiss, p. 18. It is unclear how Defendants have reached this conclusion. As Defendants are aware, the Shopping Center Directory, the database at issue in this litigation, is a tangible good that is produced and sold by Plaintiffs. Defendants have used a version of this tangible product that was taken from Plaintiffs, and are selling it to customers and passing it off as their own. Plaintiffs are thus entitled to Lanham Act Protection from these actions even after the Supreme Court's decision in *Dastar*. Defendants Motion to Dismiss Count VI of Defendants' Complaint should accordingly be denied.

### 7. This Court may maintain Plaintiffs' cause of action for constructive trust

Defendants' Motion to Dismiss argues that Plaintiffs' Count for constructive trust is invalid because a constructive trust is an equitable remedy and not a cause of action in and of itself. *See* Motion to Dismiss, p. 18. Judge Blake of this Court addressed this exact issue with her opinion in *Korangy v. Mobil Oil Corp.*, 84 F. Supp 2d. 660 (D. Md. 2000). In *Korangy*, the Defendants moved for summary judgment with respect to Plaintiffs' Count for constructive trust, arguing that constructive trust was an equitable remedy that cannot provide the basis for an

independent claim. *Id* at 667. The Court rejected this argument, finding that "on at least three occasions, Maryland Courts have analyzed a plaintiff's constructive trust claim without acknowledging any other causes of action raised by plaintiff." *Id* citing *Wimmer v. Wimmer,* 287 Md. 663, 414 A.2d 1254 (1980); *Springer v. Springer,* 144 Md. 465, 125 A. 162 (1924); *Starleper v. Hamilton,* 106 Md.App. 632, 666 A.2d 867 (1995). In denying Defendants' Motion for Summary Judgment, the Court concluded that "[t]hese cases suggest a willingness on the part of Maryland Courts to impose a constructive trust even when the plaintiff has failed to assert a separate cause of action." *Id.* Under the present circumstances therefore, this Court may consider Plaintiffs' constructive trust Count as an independent cause of action.[6]

**8. Plaintiffs' conversion count should not be dismissed**

Defendants' Motion to Dismiss next argues that Plaintiffs' Count for conversion fails to state a claim for which relief can be granted. Plaintiffs do not contest Defendants' assertion that under Maryland law, "a conversion occurs at such time as a person is deprived of property which he is entitled to possess." *See* Motion to Dismiss, p. 18, citing *Baltimore & Ohio R.R. Co. v. Equitable Bank, N.A.*, 77 Md. App. 320, 325, 550 A.2d 407 (1988). Defendants however, inexplicably argue that Plaintiffs do not allege in their conversion count that they have been deprived of property to which they are entitled to possess. *See* Motion to Dismiss, p. 19. Paragraph 99 of Plaintiffs' Complaint expressly states "Defendants have misappropriated the CoStar/NRB database and converted it to their own use, without Plaintiffs' permission, interfering with Plaintiffs' use **<u>and/or depriving Plaintiffs' of use of the database</u>** which is owned by NRB and of which CoStar is the beneficial owner" (emphasis added). Since Plaintiffs have clearly pled that Defendants' actions deprived them of the use of property that they were

[6] Should the Court deny Plaintiffs the opportunity to bring the constructive trust count as an independent cause of action, Plaintiffs respectfully request leave from this Court to amend the Complaint to include a request for a constructive trust as an equitable remedy for one of their other alleged causes of action.

entitled to possess, their cause of action for conversion states a claim for which relief may be granted.

Defendants also argue that Plaintiffs' conversion Count is preempted by the copyright act. "It is hornbook law that a 'state law action for conversion will not be preempted if the plaintiff can prove the extra element that the defendant unlawfully retained the physical object embodying plaintiff's work.'" *U.S. ex rel. Berge v. Board of Trustees of the Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997). Preliminary discovery in the instant action has now established that Centers & Malls President Garrett Van Siclen unlawfully retained a CD-ROM of the Shopping Center Directory;[7] "the physical object embodying plaintiff's work." Since Plaintiffs can now establish this extra element, their conversion Count is not preempted by federal copyright law.

**9. Plaintiffs' Count for civil conspiracy should not be dismissed**

Defendants' Motion to Dismiss finally argues that Plaintiffs' count for civil conspiracy fails to state a claim for which relief can be granted. As a basis for this argument, Defendants assert that a limited liability company cannot conspire with its own employees or agents. *See* Motion to Dismiss, p. 20. Defendants' Motion to dismiss cites *Marmott v. Maryland Lumber Co.*, 807 F.2d 1180 (4th Cir. 1986), which found that "[t]he law is well-settled . . . that a conspiracy between a corporation and its agents, acting within the scope of their employment, is a legal impossibility". *Id* at 1184. Without the aid of discovery in this matter, Plaintiffs believe that Defendants conspired to commit many of the tortious acts alleged in the Complaint during a time prior to Galvin and Hays' retention to perform services for Centers & Malls. As such, the conspiracy between Galvin, Hays, and Centers & Malls did not arise among "a corporation and

[7] This fact was not specifically pled in Plaintiffs' Complaint because Plaintiffs were unaware exactly how Defendants converted their database at the time the Complaint was filed.

its agents, acting within the scope of their employment." It is therefore, not legally impossible for Galvin, Hays, and Centers & Malls to have conspired with one another in the context of the present case, and Plaintiffs' conspiracy Count states a claim for which relief can be granted as pled.

## III. CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety, or in the alternative, Plaintiffs should be granted leave to amend their Complaint so that they may plead various causes of action with more specificity based on facts revealed during preliminary discovery in this matter.

Respectfully submitted,

CARR MALONEY P.C.

By:______________________________

Thomas L. McCally, Esquire
Kevin M. Murphy, Esquire
Nat P. Calamis, Esquire
1615 L Street, NW, Suite 500
Washington, DC 20036
(202) 310-5500/(202) 310-5500
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of June, 2007, a copy of the foregoing was electronically mailed and sent via first class mail to: Walter E. Diercks and Jeffrey Harris, attorneys for Defendants, Rubin, Winston, Diercks, Harris & Cooke LLP, 1155 Connecticut Avenue, NW, 6th Floor, Washington, DC 20036.

______________________________

Thomas L. McCally