**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **COSTAR REALTY INFORMATION, INC., ET AL.,**<br><br>**PLAINTIFFS,**<br><br>**v.**<br><br>**CENTERS & MALLS, LLC, ET AL.,**<br><br>**DEFENDANTS.** | **Case No. 8:07 CV 1182 AW** |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND (b)(6)**

Come now Defendants Centers & Malls, LLC ("Centers & Malls"), Robert Galvin ("Galvin") and Guy Hays ("Hays"), by counsel Rubin, Winston, Diercks, Harris & Cooke, LLP, and submit this Reply Memorandum of Law in support of their motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(2) and (6), stating as follows:

## I. Recent Procedural History

Plaintiffs filed their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6) on May 31, 2007. On June 8, 2007 the Court held an evidentiary hearing on Plaintiffs' Motion for a Temporary Restraining Order and issued a Temporary Restraining Order. Plaintiffs filed their Opposition to Defendants' Motion to Dismiss on June 18, 2007. The Court has given Defendants until 5:00 p.m. on June 29, 2007 to file their reply to Plaintiffs' Opposition.

This memorandum is submitted in support of Defendants' Motion to Dismiss. Defendants continue to assert, pursuant to Fed. R.Civ. P. 12(b)(2), that this Court lacks personal jurisdiction over all three defendants. Second, Defendants also assert that nine of the eleven causes of action in the Complaint should be dismissed pursuant to Fed. R.Civ. P. 12(b)(6) because those nine causes of action fail to state a claim for which relief can be granted.

## II. Preliminary Matters

Defendants, as preliminary matters, wish to address two issues which are raised in Plaintiffs'

Dockets.Justia.com

Opposition.

First, Plaintiffs assert that "the majority of the issues raised in Defendants' Motion to Dismiss should be denied as moot based on the Court's ruling on Plaintiffs' Motion for a Temporary Restraining Order." Plaintiffs' Opposition at 1-2. Plaintiffs complain that Defendants' counsel refused to withdraw arguments from their Motion to Dismiss that have already been addressed by the Court." Plaintiffs' Opposition at 2 n.2. Plaintiffs are incorrect on both counts.

The Supreme Court has held that:

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing . . . and findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits.

*Univ. of Texas v. Camenisch*, 451 U.S. 390, 394-95 (1981).

Similarly, lower federal courts have found that findings supporting the issuance of a preliminary injunction are not binding on the merits and are not law of the case. *Ty, Inc. v. Publications Int'l, Ltd.*, 2000 Dist. LEXIS 15382 (D. Ill. 2000) (citing *Ayres v. City of Chicago*, 125 F.3d 1010, 1013 (7th Cir. 1997)), *rev'd on other grounds,* 292 F.3d 512 (7th Cir. 2002). Courts of Appeals have held that the interlocutory orders of district judges are subject to modification by the district judge at any time prior to final judgment, and that there is no imperative duty to follow the earlier ruling. *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996).

Thus, Plaintiffs' argument that this Court's rulings made in the context of deciding a motion for a Temporary Restraining Order render any issues raised in the Motion to Dismiss moot is patently incorrect. Hence, if Defendants forgo the opportunity to make any argument in their motion to dismiss because it had been addressed by the Court in deciding the motion for a Temporary

Restraining Order, they would be open to the argument that any such issue was not reviewable on appeal.

As a second preliminary matter, it is important to reemphasize that Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts I, II, III, IV, V, VI, VIII, IX and X for failure to state claims for which relief can be granted. As a result, when considering this motion pursuant to Rule 12(b)(6), the Court only determines if the challenged pleading fails to state a claim for which relief can be granted. *Madison River Mgt. Co. v. Business Management Corp.*, 351 F. Supp. 2d 436, 441 (M.D. N.C. 2005). In doing so, the Court may not consider matters "outside the pleading." Fed. R. 12(b)(6).[1] In their Opposition to Defendants' Rule 12(b)(6) motion to dismiss Plaintiffs repeatedly rely on alleged facts which are "outside the pleading." Defendants will point out these attempts by Plaintiffs to evade the requirements of Rule 12(b)(6).

## III. Argument

### A. This Court Lacks Personal Jurisdiction over the Defendants

#### 1. This Court Lacks Personal Jurisdiction Over Centers & Malls

Defendants have asserted that this Court does not have either general or specific personal jurisdiction over Defendant Centers & Malls. Plaintiffs' Opposition simply adopts prior arguments that Plaintiffs have previously made. Plaintiffs then assert that this Court's decision, made in the context of deciding Plaintiffs' Motion for a Temporary Restraining Order, that "Plaintiff has met its burden by a preponderance of the evidence that it has at the very least there's been specific jurisdiction and, quite arguably, general jurisdiction," renders the issue of personal jurisdiction over Centers & Malls moot. As demonstrated above, this prior ruling is not law of the case and hence the

[1] The Court cannot consider Plaintiffs' additional factual allegations which are outside the pleading unless it converts the motion to one for summary judgment pursuant to Rule 56. Fed. R. Civ. P. 12(b)(6); *Laughlin v. Metro Washington Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). Since a Rule 56 conversion would clearly be inappropriate at this time, this Court should not convert Defendants' Rule 12(b)(6) motion to a Rule 56 motion.

issue is not moot. Therefore Defendants limit this Reply to addressing several issues which have been raised by Plaintiffs since the filing of this Motion to Dismiss.

Plaintiffs' Opposition also relies on the discredited principle that "Because the limits of Maryland's statutory authorization for the exercise of personal jurisdiction are coterminous with the limits of the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for a Temporary Restraining Order (*quoting, ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002) (internal citations omitted).[2] In 2006, the Maryland Court of Appeals rejected this analysis by the Fourth Circuit and held that courts in interpreting the Maryland long arm statute *cannot* dispense with an analysis of whether the Maryland long arm statute. *Mackay v. Compass Marketing, Inc.*, 391 Md. 117, 141, 892 A.2d 479, 493 (Md. 2006). Judge Chasanow has observed that the "Court of Appeals has recognized that there may be cases in which the facts satisfy constitutional due process but do not satisfy Maryland's long arm statute." *Dring v. Sullivan*, 423 F. Supp. 2d 540, 545 (D. Md. 2006). Indeed, the Maryland Court of Appeals in *Bond v. Messerman*, 391 Md. 706, 730, 895 A.2d 990, 1005 (Md. 2006), has specifically rejected the Due Process "effects" test in interpreting the Maryland long arm statute, which the Fourth Circuit previously had used in applying the Maryland long arm statute in specific jurisdiction cases such as *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, inc.*, 334 F.3d 390 (4th Cir. 2003).

With respect to general jurisdiction, Plaintiffs' assertion that Centers & Malls "regularly conducts business" in Maryland is based on a mere 5 licensees in Maryland (all but one of which

---

[2] Plaintiffs' Opposition adopts all of Plaintiffs' prior arguments.

became a licensee as an employee of a non-Maryland company's contract with Centers & Malls),[3] some emails and mailings to the country generally with some Maryland recipients, the placement of advertisements in a magazine which has some Maryland subscribers, some telephone contacts with potential customers in Maryland, an internet website accessible from Maryland (and from anywhere else in the world) and the listing of Maryland properties in the Centers & Malls database where independent contractors took pictures of the properties.

Those limited contacts simply are not sufficient to provide a basis for general jurisdiction. In *Nichols v. Seale*, 917 F.2d 1195 (4th Cir. 1983), the Fourth Circuit held that there was no general jurisdiction over a company which had 17 to 21 employees in Maryland, including a District Manager, which had millions of dollars in sales in Maryland, which had sales meetings in Maryland and which had a Maryland company doing research for it.

In *Beyond Systems, Inc. v. Kennedy Western University*, 2006 U.S. Dist. LEXIS 36054 (D. Md.2006), the District Court found no general jurisdiction, despite the fact that the defendant sent thousands of emails into Maryland to prospective students, enrolled students from Maryland, had two professors who were Maryland residents and which listed Maryland organizations on its web site which Maryland residents could apply to for financial aid. In *Robbins v. Yutopian Ent., Inc.*, 202 F. Supp. 426 (D. Md. 2002), the court found no general jurisdiction over the defendant which had had 46 transactions with Maryland residents in a 10 and ½ month period and where advertisements in publications were sent into Maryland. The court in *Robbins* stated that courts, in exercising general jurisdiction over non-residents, typically only do so over defendants who are essentially domiciled within the forum state.

Given the case law, there simply are not enough Maryland contacts and activity by Centers

[3] The sole Maryland resident with a contract with Centers & Malls obtained that contract through deception as an investigator for Plaintiffs.

& Malls for this Court to exercise general jurisdiction over the company.

With respect to specific jurisdiction, the Fourth Circuit has emphasized that, to find specific jurisdiction consistent with Due Process, the court must be able to find that the defendant expressly aimed or directed its conduct toward the forum state and has further emphasized that business activities focusing "generally on customers throughout the United States and Canada without focusing on and targeting" the forum state *cannot* yield jurisdiction. *Carefirst*, 334 F. 3d at 398 (*quoting, ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 625-26 (4th Cir. 1997)). In that regard there simply is no evidence that Centers & Malls expressly aimed or directed its conduct toward Maryland; indeed the evidence show that Centers & Malls focused its business activities generally on customers throughout the United States. Thus, there simply is no factual basis for finding that this Court has specific jurisdiction over Centers & Malls.

**2. <u>This Court Lacks Personal Jurisdiction over Hays and Galvin</u>**

The Defendants have asserted that this Court lacks personal jurisdiction over Defendants Galvin and Hays (which is based on an alleged contractual agreement to submit themselves to jurisdiction in Maryland) because the purported agreements fail for lack of consideration.

Plaintiffs again primarily rely on the argument that the Court has already decided that the agreements are supported by adequate consideration and thus are enforceable and provide a basis for personal jurisdiction over Galvin and Hays. Again, this mootness argument fails because the Court's prior decision is not law of the case, as demonstrated above.

Plaintiffs' Opposition then relies primarily on evidence in the form of deposition testimony to demonstrate that there was consideration for the contracts. As previously shown in Defendants' brief in support of this Motion to Dismiss, parol evidence cannot be used to establish the existence of a contract where, as here, there is an integration clause.

There is no enforceable contract whereby Hays and Galvin agreed to the jurisdiction of this

Court. Hence, this Court has no personal jurisdiction over Hays and Galvin and should dismiss the Complaint with respect to these two defendants.

### B. This Court Should Dismiss Counts I, II, III, IV, V, VI, VIII, IX and X for Failure to State Claims for Which Relief can be Granted

#### 1. Count I (Alleged Copyright Infringement)

Defendants have asserted that in Count I (Copyright Infringement) Plaintiffs have failed to state a claim for which relief can be granted. In doing so, Defendants demonstrated that in their Complaint: Plaintiffs claim that Defendants have infringed on their copyrights of a publication known as the "Shopping Center Directory" annually produced for the years 2002-2006. (Complaint ¶ 10). (Plaintiffs refer to the Shopping Center Directory in their Complaint as the "CoStar/NRB database"). The Complaint alleges that the database is "in part publically available information and in part proprietary works . . . ." (Complaint ¶ 20). The Complaint further alleges that the copyright infringement is based upon Centers & Malls' copying of "the listing contained in the CoStar/NRB database. . . ." (Complaint ¶ 49). The listing of data in the Shopping Center Directory is merely a listing by shopping center of the name of the center, the name of manger of the center, the name of the leasing agent, and other obvious information. There is no allegation in the Complaint that the Centers & Malls' database features the same selection and arrangement.

Plaintiffs' Opposition does not contest in any way Defendants' description of the allegations made in the Complaint or its identification of allegations that were not made in the Complaint. Instead, Plaintiffs' Opposition relies entirely on this Court's decision, after an evidentiary hearing, that the CoStar database "is "unique as to its arrangements, and . . . goes beyond raw facts," and that the CoStar Shopping Center Directory contained "unique classifications." From these findings, made after an evidentiary hearing held in consideration of the motion for a Temporary Restraining Order, the Court concluded that "there's a very good likelihood that plaintiff will prevail in this case involving the copyright act. . . ." Plaintiffs' Opposition at 5. Plaintiffs then argue that the Court, in

deciding to grant a Temporary Restraining Order, has decided that the Plaintiffs' Complaint exceeds the minimal standard to survive a motion to dismiss. Opposition at 5.

The fundamental problem with Plaintiffs' argument is that, by necessity, it relies on the Court's consideration of facts "outside the pleading" at issue; ***i.e.***, the Complaint. As shown above, the Court cannot consider facts "outside the pleading" when deciding a motion to dismiss. Thus, this Court, in considering the instant Rule 12(b)(6) Motion to Dismiss cannot consider facts adduced at the evidentiary hearing on the Motion for a Temporary Restraining Order or any decision made on the Motion for a Temporary Restraining Order which was based on those facts adduced at the hearing. Hence, any conclusions or findings that this Court made in the context of that TRO evidentiary hearing and in reliance on facts adduced in that hearing cannot be considered by the Court in considering the instant Rule 12(b) Motion.

Instead, in the context of the instant Rule 12(b)(6) Motion, the Court must consider whether, looking **solely** at the allegations in the Complaint, whether Plaintiffs have stated a claim for which relief can be granted. When only the facts alleged in the Complaint are considered as true, and the Complaint is liberally construed in the light most favorable to the Plaintiffs, the Plaintiffs have simply failed to allege a claim for copyright infringement for which relief can be granted.

### 2. Count II (Alleged Breach of Contract (Section 2.1))

Defendants have asserted that Count II (breach of contract) should be dismissed because, stripped to its essence, Count II alleges that Hays and Galvin gave the CoStar "copyrighted" database to Centers & Malls and facilitated the use and publication of this "copyrighted" database by Centers & Malls. Count II alleges that this conduct by Hays and Galvin constitutes a violation of Section 2.1 of their purported agreements with CoStar because they disclosed information to Centers & Malls. Defendants have asserted that Count II is preempted by the Copyright Act.

Plaintiffs concede that Defendants have correctly stated the test for whether a claim is

preempted by the Copyright Act. Plaintiffs also concede that their Complaint (at ¶ 58) alleges that Defendants Galvin and Hays breached their employment agreements by "disclosing confidential information regarding the copyrighted database to Centers & Malls." Plaintiffs' Opposition at 5.

Plaintiffs, in an attempt to evade preemption of Count II by the Copyright Act, then proceed to argue that they have now uncovered information that Defendants Galvin and Hays also disclosed other CoStar confidential information, namely the CoStar customer list. Plaintiffs then argue that this confidential customer list is not protected by copyright and therefore Count II is not preempted by the Copyright Act. Plaintiffs' Opposition at 5 to 7.

The fundamental problem with Plaintiffs' argument is that it cannot be considered in the context of a Rule 12(b)(6) Motion to Dismiss because, as demonstrated above, it asks this Court to decide the Rule 12(b)(6) Motion by considering matters "outside the pleading." Any fair reading of the Complaint shows that the only confidential information which is the basis for Count II is the "confidential information regarding the copyrighted database" alleged in Paragraph 58 of the Complaint.

When matters outside the pleading are properly excluded from consideration, it is clear that Count II is only alleging disclosure of the "copyrighted database" and that the claim in Count II is preempted by the Copyright Act. Hence, Count II must be dismissed pursuant to Rule 12(b)(6).

### 3. **Count III (Alleged Breach of Contract (Section 2.5))**

Defendants have asserted that Count III (breach of contract) should be dismissed because the non-competition provision is overbroad. Plaintiffs again primarily rely on the argument that the Court has already decided that the non-competition provisions are not unreasonable or overbroad and are hence enforceable. Again, this argument mootness argument fails because the Court's prior decision is not law of the case, as demonstrated above.

The key provisions of the non-compete at issue are as follows:

> Employee will not, without the express written consent of the Chief Executive Officer of the Company, directly or indirectly, be employed by, own, manage, operate, control, participate in, or be associated in any manner with the ownership, management, operation or control of any company or business engaged in the provision of commercial real estate information or software, or such other related businesses as the Company may become engaged during the Employee's employment with the Company. In recognition with the international nature of the Company's business the restriction shall apply anywhere in the United States, Canada and the United Kingdom.

Plaintiffs' argument in support of this non-compete is that CoStar would never enforce it to its full extent and that CoStar's Chief Executive Officer can waive compliance with it in particular circumstances. However, CoStar wrote a very broad noncompete and must now deal with the consequences.

The law of Maryland, which applies in this case, has been summarized and correctly applied by Judge Motz in two cases which clearly demonstrate the non-compete provision in this case is overbroad, unreasonable and cannot be rescued by judicial "blue penciling."

In *Deutchse Post Global Mail, Ltd. v. Conrad*, 292 F. Supp. 2d 748, 754 (D. Md. 2003), Judge Motz addressed the limits of a court's ability to limit a covenant not to compete and held that Maryland law permits courts to "blue pencil" or excise language from restrictive covenants which are unnecessarily broad. Judge Motz cautioned that "Traditionally, such editing has been limited to removing offending language without supplementing or rearranging the remaining language." *Ibid.*

In a 2004 case also involving Deutchse Post Global Mail, Ltd., Judge Motz described the "blue penciling" limitations as the "strict divisibility"rule. *Mc Govern v. Deutchse Post Global Mail, Ltd.*, 2004 Dist. LEXIS 15215 (D. Md. 2004). Judge Motz then refused to "blue pencil" a non-compete provision and instead found that it was overly broad and unenforceable. Judge Motz described this unenforceable non-compete provision thusly: "The provision restricts employees from engaging in *any capacity* whatsoever in *any form of business entity* engaging in *any activity* which is in competition with DPGM *or any related corporation* in such geographic market as DPGM or

any related company is doing business." *Ibid.* at *27-*27 (emphasis in the original).

The provision which Judge Motz found overly broad and which could not be "blue penciled" was no broader than the provision that CoStar seeks to enforce against Galvin and Hays. This Court should therefore find that the non-compete provision at issue here is overly broad and not capable of being "blue penciled. "

For the foregoing reasons, the Court should dismiss Count III with prejudice for failure to state a claim for which relief can be granted.

4. **<u>Count IV (Alleged Tortious Interference by Centers & Malls</u>)**

Defendants have asserted that Plaintiffs' Count IV, which claims that Centers & Malls interfered with CoStar's purported contracts with Hays and Galvin, which contain the non-competition and confidentiality provisions which are the subjects of Counts II and III, should be dismissed because there is no valid contract because these contract provisions are unenforceable as the purported contracts between CoStar and Hays and Galvin are not supported by consideration and furthermore, because the non-competition provision is not enforceable because it is over broad.

Plaintiffs' Opposition relies entirely on this Court's determination, made in the context of the TRO hearing, that the two agreements are supported by consideration and are not unreasonably broad. Again, this mootness argument fails because the Court's prior decision is not law of the case, as demonstrated above.

One of the elements of tortious interference with contract in Maryland is the existence of a valid contract between the plaintiff and a third party. *Macklin v. Robert Logan Assoc*, 334 Md. 287, 639 A.2d 112, 117 (Md. 1994); *K&K Management. v. Lee*, 316 Md. 137, 557 A.2d 965, 973-74 (Md. 1989). Since here there is not a valid contract because the "agreements" lack consideration and are over broad, an essential element of the tort of tortious interference with contract is missing. Count IV fails to state a claim for which relief can be granted and must be dismissed with prejudice.

5. **Count V (Alleged Tortious Interference with Prospective Business Relations by Centers & Malls**)

Defendants have asserted that Plaintiffs' claim of tortious interference with prospective business relations also fails to state a claim for two reasons. First, Defendants assert that it is preempted by the Copyright Act, citing cases for authority. Second, Defendants assert that it fails to identify a possible future business relationship with specificity as required by Maryland law, again citing cases for authority.

Plaintiffs' opposition simply argues that there is an additional element to its tortious interference claim which is not recognized by copyright law and thus is not preempted. Not one case is cited by Plaintiffs for authority for this proposition and the authorities cited by Defendants are ignored by Plaintiffs.

The simple fact is that in *CoStar Group, Inc. v. Loopnet, Inc.*,164 F. Supp. 2d 688, 714-15 (D. Md. 2001), the District Court squarely held that a claim by CoStar for tortious interference, was preempted by the Copyright Act because it did not present an additional element. In reaching this conclusion, the District Court relied on the decision of the Court of Appeals for the Second Circuit in *Harper & Row, Publishers, Inc. v. Nation Enters.*, 723 F.2d 195, 201 (2d Cir. 1983); *rev'd on other grounds*, 471 U.S. 539 (1985), which held that a claim of tortious interference with contractual relations was preempted when, as is the case here, it was based on the alleged unauthorized publication of a work protected by the Copyright Act.

Defendants also have asserted that Count V also fails to state an essential element of tortious interference with prospective business relations in Maryland because it fails to identify with specificity a possible future relationship which is likely to occur, absent the alleged interference. *Baron Fin. Corp. v. Natanzon*, 471 F. Supp. 2d 535, 542-546 (D. Md. 2006). Plaintiffs argue that they have a reasonable expectation of entering into a business relationship with each of Centers & Malls' customers because, absent Centers & Malls, " there is a possibility of Plaintiffs entering into

a business relationship with each of those customers." Plaintiffs suggest that they could "easily amend" their complaint,[4] effectively conceding that their tortious interference claim is deficient.

This Court therefore should dismiss Count V because it is preempted by the Copyright Act. Since it is preempted, any attempt by Plaintiffs to amend Count V to identify with specificity a possible future relationship which is likely to occur, absent the alleged interference would be futile, since the amended Count V would still be preempted.

### 6. **<u>Count VI (Alleged Violation of § 43(a) of Lanham Act by Centers & Malls</u>)**

Defendants have asserted that Count VI, which alleges violations of Section 43(a) of the Lanham Act, namely that Defendants are engaging in "reverse passing off" by passing off the CoStar/NRB database as that of Centers & Malls must be dismissed because the Supreme Court in *Dastar Corp. v. Twentieth Century Fox Film Corp*, 539 U.S. 23 (2003), specifically rejected a claim of "reverse passing off" in violation of Section 43(a) of the Lanham Act. The Supreme Court held that the Lanham Act only protects the producer of tangible goods that are offered for sale and not to the author of an idea, concept or communication embodied in those goods for ". . to hold otherwise would be akin to finding that § 43(a) created a species of perpetual copyright, which Congress may not do." *Ibid*, 539 U.S. at 37.

Plaintiffs oppose the dismissal of Count VI, claiming that ". . . the Shopping Center Directory, the database at issue in this litigation, is a tangible good that is produced and sold by Plaintiff." However, Count VII of the Complaint itself alleges (at ¶ 84) that "The aforementioned actions by Centers & Malls are likely to cause confusion and to deceive as to the true origins of the *information* that Centers & Malls is disseminating to its customers and/or prospective customers,

---

[4] A cause of action which is legally deficient cannot be saved because the plaintiff claims he could amend his complaint. Here there is no amended complaint. The law does not evaluate Rule 12(b)(6) motions on what the plaintiff could have pled. Rather it evaluates what has actually been pled.

and thus constitute 'reverse passing off' which is prohibited under Section 43(a) of the Lanham Act [15 U.S.C. 1125(a)]." (emphasis added.)

The foregoing establishes that, contrary to the protestations of Plaintiffs, Count VI clearly is asserting a claim for the "reverse passing off" of the information allegedly taken from the Plaintiffs' database. Plaintiffs' attempt in its opposition to recast its claim as one involving tangible goods is contradicted by their Complaint. It further ignores the fact that, to the extent that they can conjure up an argument that tangible goods are somehow involved, they are still unable to overcome the Supreme Court's decision which clearly states that only protects the producer of tangible goods that are offered for sale and not to the author of an idea, concept or communication embodied in those goods for ". . to hold otherwise would be asking to finding that § 43(a) created a species of perpetual copyright, which Congress may not do." *Ibid*, 539 U.S. at 37. *See, also*, *Mays & Assocs., Inc. v. Euler*, 370 F. Supp. 2d 362, 370-72 (D. Md. 2005).

Count VI should be dismissed for failure to state a claim for which relief can be granted.

7. **<u>Count VIII (Constructive Trust</u>**)

Plaintiffs' Count VIII is styled "Constructive Trust." Defendants have asserted that a constructive trust is a "mere remedy" and "not a cause of action in and of itself," citing *Intl Refugee Org. v. Maryland Drydock Co.*, 179 F.2d 284 (4th Cir. 1950) and *Lyon v Campbell*, 33 Fed. Appx. 659, 2002 U.S. App. LEXIS 5244 (4th Cir. 2002). Plaintiffs have opposed dismissing Count VIII, arguing that Judge Blake in *Korangy v. Mobil Oil Corp.*, 84 F. Supp. 2d 660 (D. Md. 2000) rejected the argument that "constructive trust" was not a cause of action. Plaintiffs do not even attempt to explain the contrary decisions of the Fourth Circuit.

There are multiple problems with relying on Judge Blake's decision. First, and most importantly, the Fourth Circuit, in a case decided more than two years after Judge Blake rendered her decision in *Korangy v. Mobil Oil Corp.*, squarely held that "A constructive trust is an equitable

remedy, not a cause of action in and of itself." *Lyon v. Campbell*, Fed. Appx. at 663, 2002 U.S. App. LEXIS 5244 at 8. Plaintiffs completely ignore this decision by the Fourth Circuit. Second, Judge Blake's decision acknowledges that she is relying on three Maryland cases which she states "*suggest* a willingness to impose a constructive trust even when the plaintiff has failed to assert a separate cause of action." *Korangy v. Mobil Oil Corp.*, 84 F. Supp. 2d at 666 (emphasis added). Judge Blake's statement, couched in terms of a conclusion that cases "suggest" something, is hardly a statement of a clear holding on the issue in any Maryland case. Finally, Judge Blake's decision does not address the holding of the Fourth Circuit in the *Intl Refugee Org. v. Maryland Drydock Co.* case which held that a constructive trust is a "mere remedy to which equity resorts in granting relief against fraud . . . .," indicating that Judge Blake was not aware of this Fourth Circuit decision.

Finally, and most importantly, the Fourth Circuit, in a case decided more than two years after Judge Blake rendered her decision in *Korangy v. Mobil Oil Corp.*, squarely held that "A constructive trust is an equitable remedy, not a cause of action in and of itself." Fed. Appx. at 663, 2002 U.S. App. LEXIS 5244 at 8. Plaintiffs completely ignore this decision by the Fourth Circuit also.

Thus, Judge Blake's 2000 decision cannot overcome two decisions by the Fourth Circuit that a constructive trust is not a cause of action in and of itself and is a "mere remedy." Therefore, Count VIII must be dismissed for failure to state a claim for which relief can be granted.

8. **Count IX (Conversion**)

Defendants have asserted that Count IX (conversion) is preempted by the Copyright Act because Plaintiffs have not alleged that Defendants have retained a physical object, *i.e.,* tangible personal property, embodying Plaintiffs' work. Plaintiffs' Opposition does not contest that their complaint does not allege that Defendants have retained a physical object or Defendants' assertions regarding the preemption standard applicable to conversion claims. Instead, Plaintiffs' Opposition asks this Court to consider matters outside the Complaint being challenged and claims that they now know that a physical object was retained by Centers & Malls' President and that they "can now

establish this extra element."

The problem with Plaintiffs' argument is that it is being made in the context of a Rule 12(b)(6) Motion to Dismiss. As shown above, in considering a 12(b)(6) Motion, the Court only determines if the challenged pleading fails to state a claim for which relief can be granted and cannot consider matters "outside the pleading."

When the analysis is limited to matters actually alleged in the Complaint, the Complaint simply fails to state a claim for conversion that is not preempted by the Copyright Act. Hence, the Court should dismiss Count IX's conversion claim with prejudice for failure to state a claim for which relief can be granted.

9. **Count X (Conspiracy**)

Defendants have asserted that Plaintiffs' Count X (conspiracy) fails to state a claim for which relief can be granted because the Complaint alleges that Defendants Galvin and Hays are employees of Defendant Centers & Malls. Defendants have argued that it is impossible for a corporation or other legal entity to conspire with its employees and/or agents who are acting within the scope of their agency/authority, *citing, Marmott v. Maryland Lumber Co. 807 F.2d 1180 (4th Cir. 1986), cert. denied.* 482 U.S. 929 (1987)*; Hodgin v. Jefferson,* 447 F. Supp. 804, 807 (D. Md. 1978).

Plaintiffs do not contest Defendants' statement of the law of conspiracy. They do not contest that their Complaint alleges that Defendants Galvin and Hays are employees of Defendant Centers & Malls. Instead, Plaintiffs state the following: "Without the aid of discovery in this matter, Plaintiffs believe that Defendants conspired to commit many of the tortious acts alleged in the Complaint during a time prior to Galvin and Hays' retention to perform services for Centers & Malls."[5] Opposition at 12.

Once again, Plaintiffs are asking this Court to consider matters outside the pleadings in

---

[5] This "rank speculation" should be ignored by the Court in evaluating the legal sufficiency of this claim.

considering a Rule 12(b)(6) Motion to Dismiss. As demonstrated above, Rule 12(b)(6) does not permit this Court to consider such matters outside the pleading in deciding a motion to dismiss. When the analysis is limited to matters actually alleged in the Complaint, Count X simply fails to state a claim for which relief can be granted. Thus, this Court should dismiss Count X with prejudice.

## CONCLUSION

For all the reasons set forth above, the Court should dismiss the complaint in its entirety because this Court lacks personal jurisdiction over all three defendants pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, this Court should dismiss Counts I, II, III, IV, V, VI, VIII, IX, and X for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 29, 2007

Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar # 22397)
Jeffrey Harris (Bar # 03198)
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 861-0870
Attorneys for Defendants