**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

COSTAR REALTY
INFORMATION, INC., *et al.*,          *
      Plaintiffs

                             *          Civil Action No.: AW-07-1182

     vs.
                             *

CENTERS & MALLS, LLC, *et al.*,
      Defendants.          *

                       ******

## MEMORANDUM OPINION

Plaintiffs CoStar Realty Information, Inc. ("CoStar") and National Research Bureau, Inc. ("NRB") (collectively, "Plaintiffs") bring this action against Defendants Centers & Malls, LLC, Robert Gavin and Guy Hays (collectively, "Defendants") alleging, among other things, copyright infringement, breach of contract, and tortious interference with contractual relations. On June 8, 2007, the Court granted Plaintiffs' Motion for Temporary Restraining Order, and extended the restraining order by telephonic conference on June 18, 2007. Currently pending before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim upon which relief can be granted (Paper No. 13). In their response to the Motion, Plaintiffs have requested leave to amend their Complaint. The Court has reviewed the entire record, including the Pleadings with respect to the instant motion. A hearing on the Motion was held on July 2, 2007. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant-in-part, deny-in-part Defendants' motion to dismiss. The Court will also grant Plaintiffs leave to amend their Complaint consistent with this Memorandum Opinion.

## FACTUAL & PROCEDURAL BACKGROUND

The facts are taken in the light most favorable to Plaintiffs, and are gleaned, in large part, from Plaintiffs' Complaint.  Defendant Centers & Malls markets and sells an online database which contains information about malls and shopping centers located throughout the United States and Canada.  Centers & Malls is a Delaware limited liability company with its principal place of business in Illinois.  Centers & Malls was founded by Garrett Van Siclen.  Plaintiff CoStar is a leading national commercial real estate information services provider.  CoStar acquired the assets of NRB in 2005, including a database which collects comprehensive commercial real estate information.  Plaintiffs license their information services to businesses, real estate brokers, investors, and other professionals.  Plaintiffs have obtained copyright protection for their database.  In order to detect unauthorized use of their product, Plaintiffs inserted into the database certain "seed listings," which contain fictitious information that could not be duplicated by third parties.

Defendants Galvin and Hays were employees of NRB and became employees of CoStar in January 2005 upon CoStar's acquisition of NRB.  As employees of CoStar, Galvin and Hays had access to and knowledge of the NRB database, and executed employment agreements which, among other things, contained a confidentiality provision and a covenant not to compete provision.  Plaintiffs allege that during their employment at CoStar, Galvin and Hays became acquainted with Van Siclen.  Galvin's employment with CoStar terminated on June 21, 2006, and Hays' employment with CoStar ended on July 5, 2006.

In October 2006, a CoStar employee came across a Centers & Malls promotional booth at a convention of the International Conference of Shopping Centers.  Suspicious of such a new

2

company purporting to have a database of over 20,000 listings of shopping centers and malls, Plaintiffs began to investigate the company.  An investigator hired by Plaintiffs subscribed to the Centers & Malls database.  A review of the Centers & Malls database revealed that Centers & Malls was listing several properties that contained the seed listings inserted by CoStar into their own proprietary database.

On May 8, 2007, suspecting that the owners of Centers & Malls had misappropriated their database, Plaintiffs filed the instant action and a motion for a temporary restraining order. At a telephonic conference on the motion, Defendants raised several defenses.  The Court granted Plaintiffs leave to conduct limited discovery on the jurisdictional defenses raised by Defendants and reserved ruling on the motion (Paper No. 4).  During the pendency of limited discovery, Defendants filed the instant Motion to Dismiss.

## **STANDARD OF REVIEW**

Rule 12(b)(2)

"When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."  *Mylan Labs., Inc. v. Akzo,* 2 F.3d 56, 59-60 (4th Cir.1993)(citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.1989)); *Dowless v. Warren-Rupp Houdailles, Inc.,* 800 F.2d 1305, 1307 (4th Cir.1986).  When, however, as here, the district court decides a pretrial personal jurisdiction dismissal motion without conducting an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *Mylan,* 2 F.3d at 60 (citing *Combs,* 886 F.2d at 676).  The Court must resolve all factual disputes and make all reasonable inferences in

favor of the plaintiff.  *Id. (*citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctr., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

Rule 12(b)(6)

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true.  *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation."  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)").  Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged."  *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Therefore, a complaint may be dismissed as a matter of law only if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson*

*v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## DISCUSSION

### A.  Personal Jurisdiction

After granting Plaintiffs leave to conduct limited discovery on the jurisdictional issues, the Court heard from the parties on Plaintiffs' Motion for Temporary Restraining Order.  At that time, the Court ruled that it did have jurisdiction over the individual defendants by virtue of their consent to jurisdiction under the employment agreements.  The Court also ruled that it had at least specific jurisdiction over the corporate defendant due to its contacts with the Maryland forum.  That decision was made in the context of deciding a request for emergency injunctive relief.  While not binding on the instant motion to dismiss, as Plaintiffs suggest, the Court's analysis with respect to jurisdiction as to the temporary restraining order is certainly relevant to the present motion.  Because the Court has directed its consideration of Defendants' motion beyond merely the motion papers and allegations of Plaintiffs' complaint, Plaintiff bears the burden of establishing personal jurisdiction by a preponderance of the evidence.  *Mylan Labs., Inc. v. Akzo,* 2 F.3d 56, 59-60 (4th Cir.1993).

A federal district court may only exercise jurisdiction over a non-resident defendant in the manner and extent authorized by state law in the forum state.  *See* Fed. R. Civ. P. 4(k); *ePlus Tech. v. Aboud*, 313 F.3d 166, 175 (4th Cir. 2002).  Thus, a federal court only has personal jurisdiction over a party if a state court in the federal court's forum state would have personal jurisdiction.  *Copiers Typewriters Calculators, Inc v. Toshiba*, 576 F. Supp. 312, 318 (D. Md. 1983).  To evaluate whether personal jurisdiction exists, a federal court will engage in a two-part

analysis.   First, the court will determine whether the state long-arm statute authorizes the exercise of jurisdiction in the particular circumstances presented.   Second, if the court finds that the long-arm statute permits the court to exercise jurisdiction, the court must then consider whether such an exercise of jurisdiction comports with the due process standards of the Fourteenth Amendment.  *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *Christian Sci. Bd. of Dir. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001);  *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).

1.  Maryland Law on *In Personam* Jurisdiction

Because Plaintiffs filed this action in federal court in Maryland, this Court must first examine whether it may exercise personal jurisdiction over the Defendant under Maryland law. Maryland's long-arm statute provides, in pertinent part:

> (b) A court may exercise personal jurisdiction over a person, who directly or by an agent:
>> (1)    Transacts any business or performs any character of work or service in the State;
>> (2)    Contracts to supply goods, food, services, or manufactured products in the State; ...
>> (4)    Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State ...

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b) (2006).   Courts have interpreted Maryland's long-arm statute as coterminous with the limits of the Due Process Clause of the Fourteenth Amendment.  *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir.

2002).   Therefore, "the statutory inquiry necessarily merges with the constitutional inquiry and the two inquiries become one."  *Id.*   Although the Maryland long-arm statute extends to the limits of the Due Process Clause, courts cannot dispense with an analysis of the long-arm statute. *Mackay v. Compass Marketing, Inc.*, 391 Md. 117, 141 (Md. 2006).

The exercise of personal jurisdiction over a non-resident defendant comports with the Due Process Clause only where the defendant has certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted); *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 941-42 (4th Cir. 1994).   As explained in *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997), the jurisprudence of minimum contacts developed to determine whether a defendant had a surrogate presence in the state.  *Id.* at 623.   Thus, a court must focus its inquiry on whether "a defendant's contacts with the forum state are so substantial that they amount to a surrogate for presence and . . . render the exercise of sovereignty just, notwithstanding the lack of physical presence in the state."  *Id.*   Where a defendant purposefully availed himself of the privilege of conducting business in a particular forum, the defendant has sought both the benefits and protections of that state's laws. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).   In such situations, "it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well."  *Id.*; *see also Foster v. Arletty 3 Sarl*, 278 F.3d 409, 415 (4th Cir. 2002).

In considering the question of personal jurisdiction, the Supreme Court has drawn a distinction between "specific" and "general" jurisdiction.   *See Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414 (1984).  Specific jurisdiction exists where a suit "arises out

of" a defendant's contacts with the forum state.  *Id.*  General jurisdiction, which permits a court to subject a non-resident defendant to a suit in the forum wholly unrelated to any contact it has with the forum, exists only where a foreign defendant's in-state activities amount to "continuous and systematic" contact with the state.  *Id.* at 414-15.  The level of contact required for the exercise of general jurisdiction is significantly higher than that required for specific jurisdiction. *ESAB Group, Inc.*, 126 F.3d at 628.

2.  Jurisdiction Over Corporate Defendant

Limited discovery in this case has revealed several contacts between Centers & Malls and the state of Maryland.  Centers & Malls has subscribed its database to least five Maryland customers.  It has issued marketing materials to thousands of prospective customers in Maryland. It has listings for over 500 Maryland properties in its database. It has sent contractors into Maryland to take photographs of Maryland properties, which are then posted in the Centers & Malls database.  Plaintiffs' action for copyright infringement arises out of the fact that Centers & Malls sent agents into the state of Maryland to survey and photograph Maryland properties, posted those photographs into Plaintiffs' copyrighted database, and then sold and offered to sell the copyrighted database to customers in Maryland.  These contacts with the Maryland forum are certainly sufficient for this Court to exercise at least specific jurisdiction over the corporate defendant.

3.  Jurisdiction Over Individual Defendants

Defendants argue that the Court does not have personal jurisdiction over Defendants Galvin and Hays because the employment agreements in which the individual defendants consented to the jurisdiction of the Maryland courts are not supported by consideration and are

therefore unenforceable.  The Court disagrees with Defendants.  The Employment Agreements between Plaintiffs and the individual defendants are routine conditions of employment.  The *quid pro quo* for the employment of the individual defendants by Plaintiffs was the individual defendants' agreement not to disclose confidential information and not to compete with Plaintiffs for a limited time after the termination of their employment.  The Court believes that this standard bargained-for-exchange between employer and employee is sufficient consideration to sustain these employments contracts.  As such, Defendants Galvin and Hays are subject to the jurisdiction of this Court.

**B.  Defendants' Rule 12(b)(6) Motion**

In their Rule 12(b)(6) Motion, Defendants move the Court to dismiss Counts I, II, III, IV, V, VI, VIII, IX, and X of Plaintiffs' Complaint.[1]

1.  Count I: Copyright Infringement

Plaintiffs allege that Defendants infringed their copyright by misappropriating their copyrighted database and selling services using the misappropriated database.  Defendants argue that the database is not copyrightable, and therefore Plaintiffs have not stated a claim for copyright infringement.   The parties agree that in order to prove copyright infringement, Plaintiffs must show that they owned a valid copyright to the work that was allegedly copied, and that Defendants copied protected elements of the work. *Bouchat v. Baltimore Ravens, Inc.*, 241 F. 3d 350, 353 (4th Cir. 2001).  A plaintiff's registration of a copyright, when "granted by the Copyright Office, is prima facie proof of the validity of plaintiff's copyright, including the

---

[1] Defendants do not contest Plaintiffs' claims for Violation of Maryland Uniform Trade Secrets Act (Count VII) and Violation of 18 U.S.C. § 1030 (Count XI).

existence of the elements of originality and fixation." *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 434 (4th Cir. 1986).

Plaintiffs have alleged that they own a registered copyright on their "Shopping Center Directory" database.   Compl. ¶¶ 47-48.   Plaintiffs further allege that Defendants copied the database, including the "spacing, punctuation, and presentation appearance of data."   Compl. ¶ 42.  Because the registration of a copyright is prima facie proof that the work contains protected elements, Plaintiffs have met the Rule 8 notice pleading standards.   Therefore, Defendants' motion to dismiss Count I will be denied.

2.  Count II: Breach of Contract

Plaintiffs allege in Count II of the Complaint that Defendants Galvin and Hays breached their employment contract (Section 2.1) by disclosing confidential information.   Defendants argue that this claim is pre-empted by the Copyright Act because the only confidential information Plaintiffs allege was disclosed was the copyrighted database itself.   Plaintiffs allege at ¶ 58 of the Complaint that Defendants disclosed confidential information "regarding" the database.   At the motions hearing, Plaintiffs argued that the language of the Complaint should not be read so narrowly as to limit Plaintiffs' allegations to the disclosure of the database alone. The Court agrees with Plaintiff and will construe the "regarding" language in Plaintiffs' allegations to include confidential information including, but not limited to, the copyrighted database.[2]   As such, Plaintiffs' claim for breach of contract is not pre-empted by the Copyright Act.  Defendants' motion to dismiss this count must be denied.

---

[2] The Court will grant Plaintiffs leave to amend their Complaint.  *See supra*.  Should Plaintiffs seek to amend Count II of the Complaint, Plaintiffs may want to specify the items that give rise to the "regarding" language in the current Complaint.

3.  Count III: Breach of Contract

In Count III of the Complaint, Plaintiffs allege that Defendants Galvin and Hays breached Section 2.5 of their employment agreements by working for a direct competitor within the time period proscribed by the covenant not to compete.  Defendants argue for the dismissal of this count on the grounds that the convenant was not supported by consideration and is overly broad.  The Court disagrees with Defendant, and finds that the noncompete agreements are supported by consideration and are reasonably limited as to duration, geographic scope, and breadth of activity.  As such, Defendants' motion to dismiss Count III of the Complaint will be denied.[3]

4.  Count V: Tortious Interference with Prospective Business Relationship

Defendants argue that Count V of the Complaint for Tortious Interference with Prospective Business Relationship is pre-empted by the Copyright Act.  The Court finds that the allegations in Count V are "equivalent" to Plaintiffs' claim for copyright infringement.  As such, the extra intent element does not alter the scope of the right which gives rise to the cause of action.  *See CoStar v.Loopnet*, 164 F. Supp. 2d 688, 714-15 (D. Md. 2001); *Wharton v. Columbia Pictures Indus.*, 907 F. Supp. 144, 146 (D. Md. 1995).  Therefore, Count V is pre-empted by the Copyright Act and must be dismissed.

5.  Count VI: Violation of Lanham Act § 43(a)

Plaintiffs' Lanham Act claim alleges that Defendants "falsely and misleadingly designated the true origins of [its] *information*."  Compl. ¶ 82 (emphasis added).  In *Dastar*

---

[3] Defendants base their arguments for dismissal of Plaintiffs' claim for Tortious Interference with Contractual Relations (Count IV) on the same grounds that the noncompete agreements are void and unenforceable.  As such, the motion with respect to Count IV will be denied as well.

*Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), the Supreme Court held that the Section 43(a) of the Lanham Act does not protect the author of an idea, concept or communication embodied in a tangible good. *Dastar*, 539 U.S. at 37.  Plaintiffs database is the subject of a copyright registration.  To extend the protections of Section 43(a) to the information contained in the copyrighted database would, the Court believes, violate the spirit of Section 43(a).  As such, Plaintiffs' Lanham Act claim must be dismissed.

6.  Count VIII: Constructive Trust

      The parties agree that a constructive trust is a remedy and not a separate cause of action. As such, Count VIII of the Complaint will be dismissed.

7.  Count IX: Conversion

      In order to avoid the preemption of Plaintiffs' conversion claim, Plaintiffs must allege that Defendants have retained a physical object embodying its work.  Although Plaintiffs direct the Court's attention to ¶ 99 of the Complaint, nowhere in the Complaint does Plaintiff allege the retention of a physical object.  Because Plaintiffs have not alleged an element of conversion beyond those which are required for the copyright violation, Count IX of the Complaint must be dismissed.

8.  Count X: Civil Conspiracy

      Plaintiffs' Complaint alleges that Defendants Galvin and Hays are employees of Centers & Malls.  In Count X, Plaintiffs allege that Centers & Malls conspired with Galvin and Hays to commit many of the tortious acts alleged in the Complaint.  The law makes clear that a corporation or legal entity is incapable of conspiring with its employees or agents.  *Marmott v. Maryland Lumber Co.*, 807 F.2d 1180 (4th Cir. 1986), *cert. denied*, 482 U.S. 929 (1987); *Hodgin*

*v. Jefferson*, 447 F. Supp. 804, 807 (D. Md. 1978).  Therefore, Plaintiffs have failed to state a claim for civil conspiracy and Count X of the Complaint must be dismissed.

Plaintiffs have requested leave to amend their Complaint.  To the extent that Plaintiffs' dismissed claims are curable by facts that are learned through the course of discovery, Plaintiffs are granted leave to file an Amended Complaint.  However, the Court does not believe Counts V, VI, and VIII are curable by amendment.  As such, if Plaintiffs wish to file an Amended Complaint, the amended pleading should not include these claims.  Inasmuch as the Court has conducted an extensive phone conference and two hearings in this matter, and because the parties have already engaged in some discovery, the Court will permit the parties to commence general discovery.  As such, in addition to this Memorandum Opinion and Order, the Court will be issuing a Scheduling Order in this case.

## CONCLUSION

For all of the reasons stated above, the Court will GRANT Defendants' Motion to Dismiss with respects to Counts V, VI, VIII, IX, and X.  The Motion is denied with respect to Counts I, II, III, and IV.  An Order consistent with this Opinion will follow.


Date: <u>July 5, 2007</u>                                    <u>            /s/            </u>
                                                            Alexander Williams, Jr.
                                                            United States District Judge