CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 38

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COSTAR REALTY INFORMATION, INC., ET AL.,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 8:07 CV 1182 AW** |
| | ) | |
| **CENTERS & MALLS, LLC, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

**MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Come now the defendants Centers & Malls, LLC ("Centers & Malls"), Robert Galvin ("Galvin") and Guy Hays ("Hays"), by counsel Rubin, Winston, Diercks, Harris & Cooke, LLP, and moves this Court to stay the proceeding in the district court pending the outcome of the appeal to the United States Court of Appeals for the Fourth Circuit of the entry of preliminary injunctive relief. In support of the motion movants state as follows:

1. The primary basis of the appeal is that this Court lacked authority to enter injunctive relief as it lacked personal jurisdiction over defendant Centers & Malls. This question is fully dispositive of whether this case may proceed against Centers & Malls. If the Court of Appeals, on *de novo* review, determines that the district court lacks personal jurisdiction over Centers & Malls, the case cannot proceed against Centers & Malls.

2. Centers & Malls, in a good faith attempt to have this issue reviewed expeditiously, has moved the Court of Appeals for expedited review. **Plaintiffs have refused to consent to expedited review** and have informed counsel for Centers & Malls that they intend to file an opposition to its motion for expedited

Dockets.Justia.com

review.

3. The *status quo* that will be maintained during the pendency of the appeal fully protects Plaintiffs as Centers & Malls is *de facto* out of business. Hence, the relief requested will not prejudice Plaintiffs.

4. Since the Court's order has put Centers & Malls out of business, Centers & Malls has no source of income. Requiring it to funds the costs associated with discovery, while pursing its appeal, places it in a position of extreme hardship. If Centers & Malls is successful on appeal then any expenditures it was required to make in the case before this Court would have been unnecessary. Given the effect of the Court's order on Centers & Malls, it is equitable for the Court not to require Centers & Malls to incur the expenses of going forward during the pendency of the appeal.

5. The general principle that the Court should not expend unnecessary judicial resources on this case also suggests that a stay of proceedings during the pendency of this appeal is the best course of action.

6. The Court has the discretion to grant the requested relief.

Dated: July 13, 2007

Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar # 22397)
Jeffrey Harris (Bar # 03198)
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 861-0870
Attorneys for Defendants