CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 40

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COSTAR REALTY INFORMATION, INC., ET AL.,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 8:07 CV 1182 AW** |
| | ) | |
| **CENTERS & MALLS, LLC, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO "PLAINTIFFS' MOTION TO REMOVE 'CONFIDENTIAL' DESIGNATIONS FROM THE DEPOSITIONS OF ROBERT GALVIN, GUY HAYS AND CENTERS & MALLS' CORPORATE DESIGNEE GARRET VAN SICLEN"**

Come now the defendants Centers & Malls, LLC ("Centers & Malls"), Robert Galvin ("Galvin") and Guy Hays ("Hays"), by counsel Rubin, Winston, Diercks, Harris & Cooke, LLP, and oppose "Plaintiffs' Motion to Remove 'Confidential' Designations from the Depositions of Robert Galvin, Guy Hays and Centers & Malls' Corporate Designee Garret Van Siclen," stating as follows:

Plaintiffs' latest motion is nothing more or nothing less than part of a continuing effort to "law the defendants to death."[1] This time they are using a motion to remove the designation of "Confidential" from the depositions Plaintiffs took on May 31, 2007 of Defendants Robert Galvin and Guy Hays and the Rule 30(b)(6) deposition Plaintiffs took on June 1, 2007 of Centers & Malls' corporate designee Garret Van Siclen.

Plaintiffs blandly describe these depositions as "specifically limited to the issue of personal jurisdiction." However, Plaintiffs' concept of what was reasonably calculated to lead to the

[1] Defendants suggest that Plaintiffs' filing of a "shot gun" complaint where five of the 11 counts could not survive a motion to dismiss and one count (constructive trust) was for a cause of action which does not even exist, placed on Defendants the unfair burden of expending scarce resources to get those counts dismissed.

Dockets.Justia.com

discovery of admissible information on the issue of personal jurisdiction was incredibly broad, and covered a wide range of detailed questions regarding the business of Centers & Malls, including but not limited to its finances, its relationships with is vendors, the contractual and compensation arrangements of Centers & Malls with Guy Hays and Robert Galvin, its marketing strategy and actions, the details of its database, and its customers and its contracts with them. The depositions also covered a wide range of detailed questions regarding personal information of the three deponents, including but not limited marital status (including prior marriages), the names and addresses of adult children and former wives, prior employment and educational histories, prior places of residence, etc.

These three depositions lasted a cumulative total of almost ten hours and consumed 579 pages of transcript. Counsel for Defendants asked a total of four questions, all of which elicited one sentence answers.

Plaintiffs complain that the "vast majority"of the three deposition transcripts at issue does not merit the designation of "confidential." They provide no examples of business information which they contend should not be designated as "confidential." Given the fact that the deposition questions involved highly detailed business information which is not available to the general public – or to CoStar for that matter – this omission is perhaps not surprising. The few examples provided by Plaintiffs of information which they claim does not merit "confidential" treatment proves exactly the opposite. The addresses, prior employment histories and educational backgrounds of the deponents are confidential personal information, which without a designation of "confidential" could be disseminated by Plaintiffs and even become part of the public electronic record in this case. The unbridled dissemination of such personal information is clearly an unreasonable invasion of personal

privacy and could facilitate identify theft, particularly if Plaintiffs included such information in a filing which could be accessed via PACER.

Alternatively, Plaintiffs ask that this Court order the Defendants to go through the time and expense to wade through all 579 pages of transcript and identify by pages and lines the portions that contain "proprietary information, trade secrets, and/or information that could constitute an invasion of privacy." This is unreasonable, since the vast majority of answers to questions in fact elicited "proprietary information, trade secrets, and/or information that could constitute an invasion of privacy." Defendants simply should not be required to spend their limited resources wading through 579 pages of transcripts and identifying information by pages and line numbers when the vast bulk of these depositions clearly qualify as confidential information. Rather, Plaintiffs should be required to specifically state which questions and answers in each deposition they assert are not entitled to a "confidential" designation.

Plaintiffs also claim that the "confidential" designation would constitute an "undue burden" on Plaintiffs' use of the depositions, such as the requirement that any use of the depositions by Plaintiffs would require that the depositions be filed under seal. Plaintiffs give some examples of this purported "burden" but fail to explain what possible relevance the addresses, educational backgrounds or employment histories of the three deponents possible could have to this proceeding that would make them want to file such information so that it is available to the general public on PACER. Bluntly stated, this Court should not permit Plaintiffs to place the proprietary business information of Centers & Malls and the proprietary business and personal information of all three deponents on the public record or to otherwise use this information outside of the limited uses permitted in the Protective Order.

Defendants respectfully request that the Court deny "Plaintiffs' Motion to Remove 'Confidential' Designations from the Depositions of Robert Galvin, Guy Hays and Centers & Malls' Corporate Designee Garret Van Siclen."

Dated: July 16, 2007

Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar # 22397)
Jeffrey Harris (Bar # 03198)
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 861-0870
Attorneys for Defendants