CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CoSTAR REALTY INFORMATION, INC. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.: 07 CV 01182 AW |
| | * | |
| CENTERS & MALLS, LLC, *et. al.* | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Plaintiff, CoStar Realty Information, Inc. ("CoStar"), through counsel, hereby files this Opposition to Defendants Centers & Malls, Robert Galvin, and Guy Hays ("Defendants") Motion to Stay Proceedings Pending Appeal. In support of this Opposition, CoStar states as follows.

## I. BACKGROUND

On May 8, 2007, Plaintiff simultaneously filed a Complaint and Motion for Temporary Restraining Order in the above captioned matter.[1] After an evidentiary hearing on June 8, 2007, the Court orally issued a Temporary Restraining Order ("TRO") requiring Defendant Centers & Malls to immediately cease the "sale, distribution and utilization" of its retail real estate database. This oral ruling was confirmed in a written TRO on June 12, 2007. During a telephonic hearing on June 18, 2007, Defendants consented to extending the TRO in this matter until such time as a preliminary injunction hearing could be held. Defendants did not request a

[1] On July 16, 2007, CoStar filed an Amended Complaint that dropped National Research Bureau, Inc. as a Plaintiff, added Garrett Van Siclen as a Defendant, and revised the counts pled to take into account the Court's ruling on Defendants' Motion to Dismiss.

Dockets.Justia.com

preliminary injunction hearing. Instead, on July 2, 2007, Defendant Centers & Malls appealed this Court's ruling granting CoStar's Motion for a Temporary Restraining Order. As is set forth more fully below, Defendants cannot meet their burden of showing that a balancing of the equities favors staying the proceedings in this matter. To the contrary, a balancing of the equities strongly favors allowing CoStar to begin conducting discovery to determine the nature and extent of damages caused by Centers & Malls' unlawful copying and distribution of CoStar's copyright-protected database. Further, the Fourth Circuit Court of Appeals does not have jurisdiction to entertain Centers & Malls' appeal. For these reasons, Centers & Malls' Motion to Stay these proceedings should be denied.

## II. <u>ARGUMENT</u>

### *A. Legal Standard*

Defendants' Motion to Stay concedes that an interlocutory appeal of an order granting or denying a preliminary injunction does not prevent the district court from proceeding on the merits. *See* Motion to Stay, p. 3, citing *New York State NOW v. Terry*, 886 F. 2d 1339, 1350 (2nd Cir. 1989). In fact, there is a "general proposition that an appeal from a denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on the merits." *U.S. v. Lynd*, 321 F. 2d 26, 28 (5th Cir. 1963). *See also Society for Animal Rights, Inc. v. Schlesinger*, 512 F. 2d 915, 918 (D.C. Cir. 1975)(assuming that the case would proceed in the district court expeditiously despite the pendency of an interlocutory appeal); *U.S. v. Price*, 688 F.2d 204, 215 (3rd Cir. 1982)(District Court erred in staying all proceedings during appeal of denial of preliminary injunction). "It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken,

unless otherwise specially ordered." *Ex Parte National Enameling & Stamping Co.*, 201 U.S. 156, 162, 26 S. Ct. 404, 406 (1906). Thus, the burden is on Defendants to establish a reason why the district court proceedings in this matter should be stayed during the pendency of the appeal.

### *B. A balancing of the rights of the respective parties strongly favors allowing this matter to proceed in the District Court*

Defendants' argument as to why the District Court proceedings should be stayed is based in equity. Defendants claim that a balancing of the rights of the parties favors staying this matter in the District Court. *See* Motion to Stay, pp. 3-5. This argument is without merit. A balancing of the rights of the parties strongly favors allowing this case to proceed expeditiously to a trial on the merits in the District Court. Centers & Malls' President Garrett Van Siclen admitted that he took a CD-ROM of the copyright-protected Shopping Center Directory without authorization, and used it to create the Centers & Malls database. *See* Exhibit 1 to Plaintiff's Reply to Defendants' Opposition to Motion for a Temporary Restraining Order. Based on this and other evidence introduced at the June 8, 2007, TRO hearing, this Court determined that CoStar was likely to succeed in its copyright infringement claim against Defendants. CoStar needs the opportunity to take discovery immediately to determine the nature and extent of the distribution of the Centers & Malls database as a measure of determining its damages in this matter. Given that CoStar is seeking to protect data that is easily transferable, any delay in CoStar's ability to determine the scope of the data's distribution will result in serious and irreparable damage.

The above point is demonstrated by the fact that the Centers & Malls database is still being disseminated by Centers & Malls and at least one of its cohorts. It has come to CoStar's attention through an investigator that at least one value-added reseller of the Centers & Malls

database continues to sell the data in direct violation of this Court's TRO.[2] Since this data continues to be sold, CoStar will be unfairly and irreparably harmed if it is not provided with an opportunity to take immediate discovery on the extent of the distribution of this database, and if necessary, enforce its rights against parties that are refusing to comply with this Court's explicit order. Should these proceedings be stayed, there is no telling how much damage will be done to CoStar by the continued dissemination of its pirated data, and CoStar would be barred from enforcing its rights against parties that are blatantly violating this Court's order.

Furthermore, the matters that will proceed in the District Court are unrelated to the issues that Centers & Malls is attempting to raise on appeal. Centers & Malls' Motion to Stay argues that judicial economy favors staying proceedings for this matter in the District Court. In fact, the reverse is true. The only issue Centers & Malls can actually appeal at the present time is whether the District Court erred in entering the TRO in this matter.[3] Even if the Fourth Circuit Court of Appeals were to consider this issue and find that the District Court erred, this determination would have no impact on the underlying proceedings that Centers & Malls is attempting to stay. CoStar's copyright infringement and various other tort claims against Centers & Malls, Mr. Galvin, and Mr. Hays will go forward regardless of whether the TRO remains in place. Judicial economy favors allowing this case to go forward now in an expeditious manner rather than staying it indefinitely while awaiting a determination from the Fourth Circuit that will have no impact as to the actual merits of the proceedings.

---

[2] CoStar's investigator has been informed by a salesperson for Asterop, Inc., that Asterop and Centers & Malls are still providing their customers with access to Centers & Malls data. A printout of the Asterop database from last week confirms that one of the sources of Asterop data is Centers & Malls. *See* Asterop database printout, attached hereto as Exhibit 1.

[3] As will be set forth below, the Fourth Circuit Court of Appeals does not have jurisdiction to hear an appeal on the District's Court ruling with respect to personal jurisdiction and the breadth of the temporary restraining order at this stage of the litigation.

Defendants' Motion to Stay also argues that Centers & Malls is doing everything it can to expedite the case. *See* Motion to Stay, p.4. This assertion is completely untrue. Centers & Malls had the opportunity to request a preliminary injunction hearing and put on evidence of the allegedly "public" data that is allegedly contained within its retail real estate database. Centers & Malls chose not to do this, consenting instead to an extension of the TRO which it then appealed. Even an expedited appeal in this matter would take far longer then a request by Centers & Malls at the district court level for an immediate preliminary injunction hearing. Centers & Malls has voluntarily chosen to drag out these proceedings. It is therefore decidedly inequitable to CoStar for Centers & Malls to now disingenuously argue that the matter should be stayed because Centers & Malls is doing everything it can to speed up the appeals process.

Centers & Malls also argues that it is unfair for the Court to refuse to stay these proceedings, because the TRO has effectively put it out of business, and allowing discovery to proceed would put an undue financial hardship on it. Centers & Malls is presently not earning any revenue because its business model was based on selling a retail real estate database that it unlawfully misappropriated from CoStar. Centers & Malls has unclean hands in this matter and cannot argue for equitable relief. As was stated above, Centers & Malls President Garrett Van Siclen admitted to taking a CD-ROM containing the Shopping Center Directory without authorization and using it to create the Centers & Malls database. It defies logic and is hypocritical for Centers & Malls to argue that it is inequitable for this matter to proceed while it is not earning any revenues when the Court has already determined that it is inequitable to allow Centers & Malls to continue earning revenue from a database that was misappropriated from CoStar.

As a final matter, Defendants Motion to Stay completely ignores the fact that the TRO was not issued against Mr. Galvin or Mr. Hays. Further, Defendants are not challenging on appeal the Court's decision to exercise personal jurisdiction over Mr. Galvin and Mr. Hays. CoStar's case against Mr. Galvin and Mr. Hays is completely unrelated to the issues that Centers & Malls is attempting to raise on appeal. Mr. Galvin and Mr. Hays have intimate knowledge as to the extent and distribution of the Centers & Malls' database since they were the two primary salesman of this data. Judicial economy favors permitting CoStar to take discovery from Mr. Galvin and Mr. Hays into this and other issues that are crucial to CoStar's case since Mr. Galvin and Mr. Hays have no involvement in the pending appeal. Simply stated, there is absolutely no reason for this Court to stay the district court proceedings as to Mr. Galvin and Mr. Hays.

### *C. The Fourth Circuit Court of Appeals does not have jurisdiction to hear the issues that Defendant Centers & Malls is appealing*

Defendants' Motion to Stay argues that a court's ruling on the entry of a TRO is appealable when an evidentiary hearing has been held, and where the TRO is extended beyond the statutorily permitted ten days. CoStar does not specifically contest these assertions by Defendants. Despite this, the Fourth Circuit Court of Appeals still does not have jurisdiction to address the issues that Centers & Malls is trying to raise on appeal.

As set forth in its docketing statement, the issues that Centers & Malls raises in this appeal are as follows: 1) whether the District Court improperly exercised personal jurisdiction over Appellant/Defendant under the Maryland Long Arm Statute and the Due Process clause of the Fifth Amendment to the Constitution of the United States when it entered a TRO against Appellant/Defendant; and 2) whether the District Court erred when it entered a TRO against

Appellant/Defendant which prohibits Appellant/Defendant from disseminating, using and/or licensing the use of portions of the Centers & Malls database which are not protected by the Copyright Act, in violation of the First Amendment of the Constitution of the United States. *See* Docketing Statement, attached hereto as Exhibit 2. The Fourth Circuit Court of Appeals does not have jurisdiction to hear either of these issues at this time, and CoStar intends to file a motion to dismiss this appeal in its entirety. Consequently, this Court should not stay the proceedings based on an appeal that Centers & Malls did not even have the authority to file.

A district court's ruling denying a motion to dismiss for lack of personal jurisdiction is not an appealable order under any of the express provisions of 28 U.S.C. §1292. This exact issue was recently addressed by the Fourth Circuit Court of Appeals in *Rux v. Republic of Sudan*, 461 F. Supp. 461 (4th Cir. 2006). In *Rux*, the Fourth Circuit determined that a district court's order denying a motion to dismiss for lack of personal jurisdiction was not immediately appealable under both 28 U.S.C. §1292 and the doctrine of pendent appellate jurisdiction. The only way that Centers & Malls would be able to appeal the Court's denial of its motion to dismiss for lack of personal jurisdiction would be to seek interlocutory status on this issue from this Court. Centers & Malls has not taken this required step, and therefore cannot appeal the issue of personal jurisdiction at this stage.

The Fourth Circuit similarly cannot exercise jurisdiction over the second issue being raised by Centers & Malls on appeal. Centers & Malls is asking this Court to review whether the District Court erred by entering a TRO prohibiting Centers & Malls from disseminating, using, and/or licensing portions of its database that it alleges are not protected by the Copyright Act in

violation of the First Amendment of the U.S. Constitution. 28 U.S.C. §1292(a)(1) permits courts of appeals to exercise jurisdiction over interlocutory orders of the district courts "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions . . .". Centers & Malls is not appealing the District Court's decision to grant a TRO. Instead, Centers & Malls is challenging the breadth of the TRO that was granted by the District Court. The appeal of this issue is simply not permitted under the express provisions of 28 U.S.C. §1292(a)(1). In addition, this issue was not properly raised by Centers & Malls at the District Court level. An evidentiary hearing was held in this matter on Plaintiff/Appellee's Motion for a TRO on June 8, 2007. At this hearing, Centers & Malls never argued that the issuance of a TRO would violate the First Amendment of the United States Constitution. Moreover, there is no evidence on the record to support Centers & Malls' argument on appeal that specific portions of the Centers & Malls database are not protected by the Copyright Act. While Centers & Malls' counsel made arguments at the temporary restraining order hearing that some portions of its database were "public" data, or were not protected by copyright, Centers & Malls presented no testimony or exhibits to support any finding as to which specific portions of its database were public or were not copyrightable. Since both of the issues raised by Centers & Malls on appeal cannot be entertained by the appellate court, there is no basis for this Court to stay the district court proceedings.

## III. CONCLUSION

A balancing of the equities between CoStar and Centers & Malls clearly favors allowing the district court proceedings to go forward. Moreover, the Fourth Circuit Court of Appeals does

not have jurisdiction to entertain either of this issues for which Centers & Malls is seeking relief at this stage. As a result, Defendants' Motion to Stay should be denied.

Respectfully submitted,

CARR MALONEY P.C.

By:______________________________

Thomas L. McCally, Esquire
Kevin M. Murphy, Esquire
Nat P. Calamis, Esquire
1615 L Street, NW, Suite 500
Washington, DC 20036
(202) 310-5500/(202) 310-5500
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of July, 2007, a copy of the foregoing was electronically mailed and sent via first class mail to: Walter E. Diercks and Jeffrey Harris, attorneys for Defendants, Rubin, Winston, Diercks, Harris & Cooke LLP, 1155 Connecticut Avenue, NW, 6th Floor, Washington, DC 20036.

________________________________

Thomas L. McCally