CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 44

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CoSTAR REALTY INFORMATION, INC. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.: 07 CV 01182 AW |
| | * | |
| CENTERS & MALLS, LLC, *et. al.* | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION FROM THE DEPOSITIONS OF ROBERT GALVIN, GUY HAYS, AND CENTERS & MALLS CORPORATE DESIGNEE GARRETT VAN SICLEN**

Plaintiff, CoStar Realty Information, Inc. ("CoStar"), through counsel, hereby files this Reply to Defendants Centers & Malls, Robert Galvin, and Guy Hays' ("Defendants") Opposition to Plaintiff's Motion to Remove the "Confidential" designation from the depositions of Robert Galvin, Guy Hays, and Centers & Malls' corporate designee Garrett Van Siclen ("Opposition"). In support of this Reply, CoStar states as follows:

The parties to this matter entered into a protective order that was executed by this Court on June 12, 2007. This protective order was drafted by counsel for Defendants, and in fact, counsel for Defendants stated that they would not allow their clients to offer testimony or produce documents as to any confidential information until a protective order was put into place. *See* May 25, 2007, letter from counsel for Defendants, attached hereto as Exhibit 1**.** The language of the protective order drafted by counsel for defendants' specifically states: "in designating discovery material as 'Confidential Information', each party and individual or entity disclosing discovery material will make such designation only as to that information that it in good faith believes contains proprietary business information or trade secrets, or which would

Dockets.Justia.com

constitute an invasion of privacy of the parties to this litigation." *See* Protective Order, Paragraph 4. The protective order also provides for specific procedures to be followed by a party contesting a confidential designation. *Id.* at Paragraph 2. There is no real dispute that CoStar has followed the procedures outlined in Paragraph 2 of the Protective Order in contesting the deposition transcripts currently at issue.

In their Opposition, Defendants are asking the court to disregard the express language of the Protective Order that was drafted by counsel for Defendants and that Defendants voluntarily entered into. Defendants' Opposition does not once cite to the Protective Order that is the basis for Plaintiff's motion. Further, Defendants do not contest that the deposition transcripts in question contain at least some information that is non-confidential. Instead, Defendants attempt to impose obligations on CoStar that are not set forth in the Protective Order, and that were not contemplated by the parties at the time that the Protective Order was agreed to.

Defendants' Opposition first claims that CoStar's motion is an attempt to "law the defendants to death." *See* Opposition, p. 1. This contention is without merit and offensive. Had Defendants simply adhered to the express provisions of the Protective Order and only designated as confidential those portions of the depositions that they in good faith believed contained proprietary information, there would have been no need for the filing of any motions on this issue. It is disingenuous for Defendants to violate the terms of the Protective Order, and then argue that CoStar has improper motives for seeking relief from the Court for this violation.

Defendants' Opposition next argues that the depositions in question covered a broad array of areas outside of the scope of personal jurisdiction that included confidential information. *See* Opposition, pp. 1-2. This claim is irrelevant. CoStar is not arguing that the depositions in question did not discuss any information that was potentially confidential under the terms of the

Protective Order. Instead, CoStar is arguing that a majority of the matters discussed at these depositions did not consist of confidential information. Consequently, Defendants' blanket confidential designation of the entirety of these three transcripts is inappropriate under the express terms of the Protective Order.

Defendants complain that the designated deposition transcripts are voluminous, and as a result, CoStar should be required to specifically state which portions of the transcript are not entitled to a confidential designation. *See* Opposition, p. 3. There is no basis for the Court to require CoStar to take such action under the express terms of the Protective Order. Under Paragraph 4 of the Protective Order, Defendants were obligated to designate as confidential only such material that it in good faith believes contains proprietary business information, or trade secrets or information which would constitute an invasion of privacy of the parties. Defendants do not contest that the three deposition transcripts in question include information that is non-confidential. The designations made by Defendants are thus not in good faith, and Defendants have violated Paragraph 4 of the protective order. It makes little sense to require CoStar to go through the deposition transcripts and correct Defendants' inappropriate designations when this was clearly an obligation of Defendants' under the terms of the Protective Order. .

Defendants next argue in their Opposition that information such as the deponents addresses, educational background, and employment histories are confidential since the dissemination of this information could facilitate identity theft. *See* Opposition pp. 2-3. Defendants' Opposition gives no explanation as to how the above listed information could possibly facilitate identity theft, and this information is clearly not of the type that the parties contemplated as constituting an invasion of privacy when the Protective Order was entered into. Defendants finally argue that CoStar has not explained why it would need to file information

which it contends is non-confidential such as the deponent's addresses, educational background, and employment histories. To begin with, CoStar is unaware at this early stage what types of information will be relevant to future motions or proceedings in this matter. CoStar should not, however, be forced to undergo the burden of filing under seal documents containing non-confidential information that has been improperly designated by Defendants.

Further, there is a great deal of other information in additions to the deponents' addresses, educational backgrounds, and employment history that have been improperly designated as confidential which will certainly be relevant in further proceedings for this matter. For example, Centers & Malls President Garrett Van Siclen admitted at his deposition that he took a CD-ROM copy of the Shopping Center Directory without authorization and used this CD to create the Centers & Malls database. *See* Exhibit 1 to Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for a Temporary Restraining Order (filed under seal). This information is obviously extremely important to CoStar's copyright infringement claim against Defendants. It is also not confidential information as defined under the terms of the Protective Order as it is not proprietary business information, or a trade secret, or information which would constitute an invasion of privacy. Yet, as a result of Defendants' improper designation, any motion addressing Mr. Van Siclen's testimony on this matter as this case proceeds will have to be filed under seal. This places an undue burden on CoStar, and is in direct contravention of the spirit of the Protective Order agreed to by the parties.

For all of the foregoing reasons, this Court should remove the confidential designation as to the deposition transcripts of Mr. Galvin, Mr. Hays, and Centers & Malls' corporate designee Garrett Van Siclen in its entirety. In the alternative, this Court should instruct Defendants to

designate as confidential only those portions of the transcripts that they in good faith believe contain confidential information as defined in the Protective Order.

Respectfully submitted,

CARR MALONEY P.C.

By:______________________________

Thomas L. McCally, Esquire
Kevin M. Murphy, Esquire
Nat P. Calamis, Esquire
1615 L Street, NW, Suite 500
Washington, DC 20036
(202) 310-5500/(202) 310-5500
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of July, 2007, a copy of the foregoing was electronically mailed and sent via first class mail to: Walter E. Diercks and Jeffrey Harris, attorneys for Defendants, Rubin, Winston, Diercks, Harris & Cooke LLP, 1155 Connecticut Avenue, NW, 6th Floor, Washington, DC 20036.

______________________________

Thomas L. McCally