CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 50

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COSTAR REALTY INFORMATION, INC., ET AL.,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **V.** | ) | **Case No. 8:07 CV 1182 AW** |
| | ) | |
| **CENTERS & MALLS, LLC, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

**REPLY TO "PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL"**

Come now the defendants Centers & Malls, LLC ("Centers & Malls"), Robert Galvin ("Galvin") and Guy Hays ("Hays"), by counsel Rubin, Winston, Diercks, Harris & Cooke, LLP, and file this reply to "Plaintiff's Opposition to Defendants' Motion to Stay Proceedings Pending Appeal," stating as follows:

Centers & Malls, Galvin and Hays moved this Court to stay proceedings in the instant case, arguing that: 1) The primary basis of Centers & Malls' interlocutory appeal of this Court's entry of a TRO against Centers & Malls is that this Court lacks authority to enter injunctive relief, as it lacks personal jurisdiction over Centers & Malls. This question is fully dispositive of whether this case may proceed against Centers & Malls. If the Court of Appeals determines that this Court lacks personal jurisdiction over Centers & Malls, the case cannot proceed against Centers & Malls; 2) Centers & Malls, in a good faith attempt to have this issue reviewed expeditiously, moved the Court of Appeals for expedited review. Plaintiff filed an opposition to this motion for expedited review;[1]

[1] While the Fourth Circuit denied the motion for expedition, the appellate briefing schedule set by the clerk's office will have all briefs filed before the end of October. Hence, Centers & Malls' appeal is being handled by the Fourth Circuit expeditiously.

Dockets.Justia.com

3) The *status quo* that will be maintained during the pendency of the appeal fully protects Plaintiffs as Centers & Malls is *de facto* out of business. Hence, the relief requested will not prejudice Plaintiffs; 4) Since the Court's order has effectively put Centers & Malls out of business, Centers & Malls has no source of income. Requiring it to fund the costs associated with discovery, while pursing its appeal, places it in a position of extreme hardship. If Centers & Malls is successful on appeal then any expenditures it was required to make in the case before this Court would have been unnecessary. Given the effect of the Court's order on Centers & Malls, it is equitable for the Court not to require Centers & Malls to incur the expenses of going forward during the pendency of the appeal; and 5) The general principle that the Court should not expend unnecessary judicial resources on this case also suggests that a stay of proceedings during the pendency of this appeal is the best course of action.

Plaintiff's opposition makes several arguments, none of which is persuasive. The balance of this reply will address those arguments.

First, Plaintiff claims that it needs "immediate" discovery "to determine the nature and extent of the distribution of the Centers & Malls database as a measure of determining its damages." Plaintiff also claims that, since the data at issue is "easily transferable," any delay in CoStar's ability to determine the scope of the data's distribution will result in serious and irreparable injury." There are multiple problems with this "time is of the essence" argument. First, while Plaintiff claims to have a need to "take discovery immediately," it waited from July 5 (the day the Court permitted discovery to proceed) until August 2 (a full four weeks) to serve interrogatories, requests for production of documents and requests for admission on Centers & Malls, Galvin and Hays. Plaintiff's four week delay in commencing discovery demonstrates that Plaintiff's claim that it needs

"immediate" discovery is simply not true. Furthermore, Plaintiff does not suggest how information will become unavailable if perchance Centers & Malls' interlocutory appeal is unsuccessful and the case resumes in this Court.

Plaintiff then complains that a value added reseller apparently has ignored the TRO. If Plaintiff is correct in that regard, it already has the remedies of suing this value added reseller for copyright infringement or asking this Court to hold that reseller in contempt. Plaintiff has done neither. Again, Plaintiff has demonstrated that it doesn't believe its own arguments.

Plaintiff next argues that the proceedings in this Court are "unrelated" to the issues raised in Centers & Malls' interlocutory appeal and that a successful interlocutory appeal "would have no impact on the underlying proceedings that Centers & Malls is attempting to stay." This is patently absurd. If the Fourth Circuit finds that this Court does not have personal jurisdiction over Centers & Malls, the case against Centers & Malls in this Court would be dismissed – thus having a profound impact on the underlying proceedings against Center & Malls.

Plaintiff further argues that the case against Galvin and Hays would go forward if Centers & Malls' appeal were successful. However, this argument ignores the fact that Galvin and Hays are not named as defendants in three of the eight counts in the First Amended Complaint[2] (Count IV alleges intentional interference with contractual relations by Van Siclen and Centers & Malls, Count VI alleges conversion by Van Siclen and Centers & Malls and Count VIII alleges a violation of 18 U.S.C. § by Van Siclen and Centers & Malls). A partial stay of the case against just Centers & Malls would be impractical. However, requiring Centers & Malls to expend its resources litigating this

---

[2] Defendants Centers & Malls, Galvin and Hays have moved to dismiss the First Amended Complaint in its entirety because Plaintiff in the First Amended Complaint seeks to add Garrret Van Siclen as a party without leave of court, where such leave is required.

case while its interlocutory appeal based on a lack of personal jurisdiction is under consideration would work a substantial hardship on Centers & Malls by requiring it to spend money to defend itself while the appeal is pending. In addition if it is successful in its appeal, such money will have been unnecessarily expended. Plaintiff totally fails to acknowledge, no less address the issue of the harm and injustice to Centers & Malls if a stay is not granted and the Fourth Circuit later rules that this Court lacks personal jurisdiction over Centers & Malls. In balancing the interests of the parties the scale decisively tips in favor of granting the stay.

Plaintiff finally makes the argument that the Fourth Circuit does not have jurisdiction to hear Centers & Malls' interlocutory appeal. Such an argument should be addressed to the Fourth Circuit and not to this Court, since this Court does not have the authority to address the issue of appellate jurisdiction. Plaintiff claims that it will be filing a motion to dismiss the interlocutory appeal with the Fourth Circuit and finally did so on August 13, 2007. As a result, the Fourth Circuit will be able to address the appellate jurisdiction issue in a timely manner.[3]

Nevertheless, this argument will be briefly addressed for this Court's convenience and to give this Court the assurance that the interlocutory appeal and this motion for a stay have been made in good faith and not for the purpose of delay.

Plaintiff's argument appears to be that, since this Court determined that it had personal jurisdiction in the course of denying Centers & Malls' motion to dismiss **after** this appeal was filed,

---

[3] If this Court stays this proceeding pending appeal and Plaintiff's motion to dismiss is successful, the period of delay will be slight. If this Court stays this proceeding and the Fourth Circuit rules that it has appellate jurisdiction and rules in Centers & Malls' favor, the Court's decision to enter a stay will have been vindicated and will have prevented the injustice of requiring Centers & Malls to spend substantial resources in a case where the Court did not even have personal jurisdiction over Centers & Malls.

the Fourth Circuit must consider the appeal to be one of the denial of the motion to dismiss and not of the issuance of the TRO. Plaintiff's argument is fundamentally flawed.

Where a TRO is entered after an evidentiary hearing in which all parties fully participated and the TRO granted the relief that would be granted by a preliminary injunction, such a TRO is appealable pursuant to 28 U.S.C. 1292. *Virginia v. Tenneco, Inc.*, 538 F.2d 1026, 1029-1030 (4th Cir. 1976). Where a TRO is extended beyond the statutorily permitted 10 days with one 10 day renewal, it is appealable. *Sampson v. Murray*, 415 U.S. 61, 87 (1974); *In re Arthur Treacher's*, 689 F.2d 1150, 1153-54 (3rd Cir. 1982).

The TRO entered in the instant case qualifies as appealable under 28 U.S.C. 1292(a)(1) under both the exception articulated by the Fourth Circuit and the exception set out by the Supreme Court and the Third Circuit. Here the TRO was issued after an evidentiary hearing and it was subsequently extended beyond the statutorily authorized 10 days (with one renewal) period. The fact that Centers & Malls consented to the extension does not change the result: the TRO in the *Arthur Treacher* case was extended with the consent of the defendants until such time as the District Court ruled upon the motion for preliminary injunction.

The fact that this Court later denied a motion to dismiss for lack of personal jurisdiction is irrelevant to whether the entry of the TRO is appealable. The Second Circuit considered this issue in *Visual Sciences, Inc. v. Integrated Communications Inc.*, 660 F.2d 56 (2nd Cir. 1981), where the Second Circuit had before it an interlocutory appeal of the grant of a preliminary injunction. The appeal, as in the instant case, was based upon a challenge to the District Court's ruling that it had personal jurisdiction over the defendants. Like the facts here, the District Court also denied the

defendants' Rule 12(b)(2) motion. When the case reached the Second Circuit upon appeal of the preliminary injunction, the Second Circuit stated that it also could review the District Court ruling denying defendants' Rule 12(b)(2) motion. *Id.* At 59.

The Fourth Circuit's decision is *Rux v. Republic of Sudan*, 461 F.3d 461 (4th Cir. 2006), cited by Plaintiff, lends no support for its opposition. In *Rux*, the appellant sought an interlocutory appeal of its motion to dismiss for want of personal jurisdiction. The Fourth Circuit held that the pendent jurisdiction is available only when 1) the issue is "inextricably intertwined" when the question is the proper subject of an immediate appeal, or 2) when review of an issue is "necessary to ensure a meaningful review" of an immediately appealable issue. *Rux*, 461 F.3d at 475 (*citing Swint v. Chambers County Comm'n*, 514 U.S. 35, 50-51 (1995)). In *Rux*, the appellant did not argue that the motion to dismiss at issue either of these conditions. Instead the *Rux* appellant argued that the Fourth Circuit's exercise of pendent jurisdiction was appropriate based on "considerations of fairness and efficiency." The Fourth Circuit held that it could not do so and was limited to the two *Swint* conditions, neither of which was present in *Rux.*

In the instant case, the issue of personal jurisdiction is "necessary to ensure a meaningful review" of the question of whether this Court improperly entered a TRO against Centers & Malls. The Ninth Circuit considered this issue in *Hendricks v. Bank of America*, 408 F.3d 1127 (9th Cir. 2005), in which it had before it an interlocutory appeal of the entry of a preliminary injunction. The appellant argued that the District Court lacked personal jurisdiction over a necessary and indispensable party. The Ninth Circuit held that Section 1291 furnishes pendant jurisdiction over those questions that implicate the very power of the District Court to issue the ruling under consideration. The Ninth Circuit then held that an argument that the District Court lacks the

authority to enter an injunction because it lacked personal jurisdiction gave the Circuit Court pendant jurisdiction to review the personal jurisdiction defense because that defense implicated the very power of the District Court to enter the preliminary injunction. *Ibid.* 408 F.3d at 1134.

The foregoing establishes that the Fourth Circuit has appellate jurisdiction to hear the instant appeal of the entry of a TRO where Centers & Malls asserts that this Court lacked personal jurisdiction over Centers & Malls to enter the TRO. This Court's later denial of a motion to dismiss based on a lack of personal jurisdiction not divest the Fourth Circuit of appellate jurisdiction of the issue of whether the District Court had personal jurisdiction over Centers & Malls when it entered a TRO against Centers & Malls; indeed, as the case law cited above demonstrates, the Fourth Circuit also has jurisdiction to review the denial of the motion to dismiss as part of this interlocutory appeal.

Centers & Malls appeal is well-founded. Balancing of the interests and equities favors the stay pending appeal requested.

Dated: August 13, 2007 Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar # 22397)
Jeffrey Harris (Bar # 03198)
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 861-0870
Attorneys for Defendants