CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 51

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CoSTAR REALTY INFORMATION, INC. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.: 07 CV 01182 AW |
| | * | |
| CENTERS & MALLS, LLC, *et. al.* | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Plaintiff, CoStar Realty Information, Inc. ("CoStar"), through counsel, hereby files this Opposition to Defendants Centers & Malls, Robert Galvin, and Guy Hays ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative to Dismiss Count VI of the First Amended Complaint. In support of its Opposition, CoStar states as follows.

## I. BACKGROUND

The initial Complaint in this matter was filed by Plaintiffs CoStar and National Research Bureau, Inc. on May 8, 2007. This Complaint alleged various claims against the Defendants, including copyright infringement against Centers & Malls, and breach of contract against the individual Defendants. On May 31, 2007, Defendants filed a Motion to Dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, Defendants' May 31, 2007, Motion sought dismissal of nine of the eleven individual Counts in Plaintiffs' Complaint for failure to state a claim for which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). On July 2, 2007, a hearing was held on Defendants' Motion to Dismiss. Subsequent to this hearing, the Court issued a Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to

Dockets.Justia.com

Dismiss. Specifically, the Court dismissed Plaintiffs' Counts for intentional interference with prospective business relations, violation of §43(a) of the Lanham Act, constructive trust, conversion, and civil conspiracy. The Court, however, granted Plaintiffs leave to amend their Complaint but stated that Plaintiffs' counts for intentional interference with prospective business relations, violation of §43(a) of the Lanham Act, and constructive trust should not be included in the Amended Complaint.

On July 16, 2007, CoStar filed its First Amended Complaint. CoStar filed this First Amended Complaint for several reasons. First, the Amended Complaint reflects the fact that National Research Bureau, Inc., a named Plaintiff in the initial Complaint, was merged into CoStar, and no longer exists as a corporate entity. Consequently, the First Amended Complaint does not include National Research Bureau, Inc. as a named Plaintiff. Second, the Amended Complaint was filed to reflect the rulings made by this Court in its July 5, 2007, Memorandum Opinion and Order. Specifically, CoStar dropped its Counts for intentional interference with prospective business relations, violation of §43(a) of the Lanham Act, and constructive trust, while including additional facts learned throughout the course of preliminary discovery in this matter to support its Counts for conversion and civil conspiracy against Defendants. Finally, CoStar filed its Amended Complaint to add Centers & Malls President Garrett Van Siclen as a named Defendant in this matter as a result of preliminary discovery revealing that Mr. Van Siclen was personally responsible for the misappropriation of the copyrighted database that has given rise to this litigation.

On August 2, 2007, Defendants Centers & Malls, Robert Galvin, and Guy Hays filed a Motion to Dismiss Plaintiffs' First Amended Complaint, or in the alternative, to dismiss

plaintiff's conversion count ("Motion"). As will be set forth more fully below, Defendants' Motion lacks any legal basis and should be denied by this Court.

## II. ARGUMENT

### A. *CoStar's First Amended Complaint Should Not Be Dismissed for Failure to Comply with Rule 21*

The main argument in Defendants' Motion is that CoStar's First Amended Complaint should be dismissed in its entirety because CoStar did not seek the Court's permission prior to adding Garrett Van Siclen as a named defendant. This argument is flawed for several reasons.

Defendants' argument misinterprets the plain text of Federal Rule of Civil Procedure 21, which provides:

> Misjoinder and nonjoinder of parties. Misjoinder of parties is not a ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

As an initial matter, Defendants' Motion seeking dismissal of the First Amended Complaint based on Rule 21 is improper. The express, unambiguous text of Rule 21 states that "[m]isjoinder of parties is not grounds for dismissal of an action." *Id.* Defendants have ignored this language and are seeking dismissal of this action based on the alleged misjoinder by CoStar of Mr. Van Siclen. The Court should therefore deny Defendants' Motion because it cannot provide the relief Defendants are requesting under the express provisions of Rule 21.

In addition to the above, Federal Rule of Civil Procedure 15(a) is highly relevant to the procedures for amending a complaint, and this rule clearly demonstrates that Defendants' Motion is without merit. Rule 15(a) provides: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . .". For purposes of Rule 15(a), a motion to dismiss is not considered a responsive pleading. *Smith v. Blackledge*, 451 F. 2d 1201,

1203 (4th Cir. 1971). Defendants have yet to file a responsive pleading to Plaintiff's initial complaint. Thus there is no dispute that CoStar was permitted to amend its complaint without leave of court.

Defendants argue in their Motion that although CoStar was free to amend its complaint without leave of Court pursuant to Rule 15(a), Rule 21 precludes CoStar from amending its complaint to add a party without leave of Court. As Defendants concede in their Motion, there is a split of authority as to whether a party needs to be granted leave of Court to add a party to a complaint before the opposing party has filed a responsive pleading. *See* Motion, p. 5. Many jurisdictions have found that parties are not required to seek leave of court to amend a pleading to add or drop a party. *See, e.g. McLellan v. Mississippi Power & Light Co.*, 526 F. 2d 870 (5th Cir. 1976), *rev'd on other grounds*; *Barnsted v. Schmidt*, 324 F. Supp. 1232 (W.D. Wis. 1971); *Jones v. Electrodyne Co.*, 224 F. Supp. 599 (W.D. Mo. 1963); *U.S. v. Sinclear*, 347 F. Supp. 1129 (D. Del. 1972). In *McLellan*, the 5th Circuit reviewed in depth the issue of whether Rule 15(a) or Rule 21 takes precedence when a party seeks to amend a complaint to add or drop a party before a responsive pleading is filed. *McLellan*, 526 F. 2d at 872-73. In finding that Rule 15(a) should take precedence, the Court cited to 6 Wright & Miller, Federal Practice & Procedure, s. 1479 at 401-402. In this treatise, Professor Wright argued that Rule 15 "is the more specific rule, since it sets forth a particular means by which a party attempts to add or drop parties - by amendment to his pleadings - as opposed to Rule 21's more general treatment of the overall subject matter of dropping and adding parties." *Id.* citing Wright, *supra*. The Court also found, again citing to Professor Wright that "the first part of Rule 15(a) contemplates that the court should not have to be concerned with passing on amendments at an early stage when there is little likelihood of prejudice to other parties." *Id.* CoStar contends that the court should adopt

the well-reasoned analysis of Professor Wright and find that Rule 15(a) takes precedence over Rule 21, and that plaintiffs are not required to seek leave of court to amend a complaint to add or drop a party prior to the filing of a responsive pleading.

Defendants' Motion cites to several decisions that are not binding upon this court to support their contention that Rule 21 should take precedence over Rule 15(a). *See* Motion, p.5. Regardless, the decisions cited in Defendants' Motion do not actually support Defendants' position under these circumstances. In each case cited in Defendants' Motion, the Court ultimately granted the plaintiff's request to add or drop a party. *See, e.g. Joseph v. House*, 353 F. Supp. 367, 371 (E.D. Va. 1973)(allowing an amendment to a complaint to add parties where the amendment was not made at a late stage of the proceeding and to do otherwise would lead to repetitive litigation); *U.S. for Use and Benefit of Tucker v. Thomas Howell Kieweit (USA), Inc.*, 149 F.R.D. 125, 126 (E.D. Va. 1993)(permitting amendment of complaint to add party where amendment was made at an early stage of the litigation and the defendant would not be prejudiced); *Olivares v. NASA*, 934 F. Supp. 698, 700 at n. 1 (D. Md. 1996)(Judge Messite stated that it was "questionable" whether a plaintiff can amend a complaint to add a party without court permission, but granted plaintiff's request where added defendants were mentioned on the text of the original complaint). These cases demonstrate that, although a court may require a party to request permission prior to amending a complaint to add or drop another party, these requests are rarely denied. This is particularly true where, as in the instant case, the litigation is still at an early stage.

**B. *Even if the Court Should Find That CoStar Needs Permission to Add Mr. Van Siclen as a Party, this Court Should Grant CoStar This Permission***

Even if this Court should find that CoStar needs permission to add Mr. Van Siclen as a defendant in this matter, the Court should grant this permission. Under the express terms of Rule

21, the court may allow a party to be dropped or added on "its own initiative at any stage of the action and on such terms as are just." It is in the interest of justice to permit CoStar to add Mr. Van Siclen as a named defendant in this matter. Preliminary discovery has revealed that Mr. Van Siclen is indispensable to this action. This matter centers on the alleged misappropriation of CoStar's copyrighted real estate database. Mr. Van Siclen has admitted that he is the person responsible for taking and copying this database. Further, this request is being made at an early stage of this litigation, before any of the parties have had the opportunity to conduct discovery on the merits. The Defendants would not suffer any prejudice if Mr. Van Siclen is added. Defendants were put on notice of the possibility of Mr. Van Siclen becoming involved in this litigation individually, as he was specifically referenced in the initial complaint. The denial of CoStar's request will lead to repetitive litigation, since CoStar would then be forced to file a separate suit against Mr. Van Siclen dealing with the same issues being addressed in this litigation. Also, this Court specifically granted CoStar permission to file an Amended Complaint. While the Court's opinion and order did not address the issue of adding parties, the potential for adding a party was clearly contemplated by the Court, as demonstrated by the Scheduling Order in this matter that sets an August 20, 2007 deadline for motions for joinder of additional parties. For all of these reasons, this Court should deny Defendants Motion to Dismiss the First Amended Complaint, and permit the addition of Garrett Van Siclen as a named defendant in this action.

**C. *CoStar's Conversion Count Should Not Be Dismissed***

Defendants' Motion also seeks dismissal of the conversion Count in CoStar's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants make three arguments to support this contention, each of which is without merit. Defendants first

argue that CoStar's First Amended Complaint does not assert that CoStar was the owner of the CD-ROM disk unlawfully taken by Mr. Van Siclen. It is unclear how Defendants have reached this conclusion. Paragraph 91 of the First Amended Complaint states "in late 2005, Van Siclen took a CD-ROM containing the CoStar database from his former employer without authorization. The CD-ROM was a physical object embodying National Research Bureau's work, **the rights of which had been acquired by CoStar**." (Emphasis added). Paragraph 92 states "Defendants Van Siclen and Centers & Malls have unlawfully retained and misappropriated a physical object embodying the CoStar database and converted it to their own use, without Plaintiff's permission, interfering with Plaintiff's use and/or depriving Plaintiff of use of the database, **which is owned by CoStar**." (Emphasis added). Thus, CoStar's First Amended Complaint alleges that Defendants took a CD-ROM that contained the database that it had acquired the rights to, and alleges that it owned the database contained on this CD-ROM. It is therefore clear on the face of the First Amended Complaint that CoStar is alleging that it was the owner of the CD-ROM unlawfully misappropriated by Defendants Van Siclen and Centers & Malls.

Defendants next argue that CoStar's First Amended Complaint has not alleged that Defendants exercised unauthorized dominion and control over the CD-ROM to the complete exclusion of Plaintiff. Defendants, again, are playing with semantics. As was stated above, Paragraph 92 clearly states that "Defendants Van Siclen and Centers & Malls have unlawfully retained and misappropriated a physical object embodying the CoStar database and converted it to their own use, without Plaintiff's permission, interfering with Plaintiff's use **and/or depriving Plaintiff of use of the database**, which is owned by CoStar." (emphasis added). CoStar's First Amended Complaint therefore clearly alleges that CoStar has been deprived of the use of its CD-

ROM, which was taken by Defendants without authorization. Again, these allegations are more than sufficient to satisfy the notice pleading requirements of this Court for alleging a cause of action for conversion.

Defendants' Motion finally argues that intangible property generally cannot be subject to a conversion claim, therefore CoStar's allegation that its database was converted must be dismissed. This argument relies upon a flawed premise. CoStar's conversion count is not alleging the misappropriation of intangible property. Instead, CoStar's First Amended Complaint has clearly alleged the conversion by Defendants of a CD-ROM containing its database. *See* First Amended Complaint, ¶ 91. There can be no dispute that this CD-ROM is tangible property. As a result, Defendants' argument as to the ability to maintain a conversion claim regarding intangible property is completely irrelevant, and should be disregarded by this Court. For all of the above reasons, Defendants' Motion to Dismiss Count VI of CoStar's First Amended Complaint should be denied.

## III. CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, or in the Alternative to Dismiss Count VI of the First Amended Complaint should be denied.

Respectfully submitted,
CARR MALONEY P.C.

By:______________________________

Thomas L. McCally, Esquire
Kevin M. Murphy, Esquire
Nat P. Calamis, Esquire
1615 L Street, NW, Suite 500
Washington, DC 20036
(202) 310-5500/(202) 310-5500
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of August, 2007, a copy of the foregoing was electronically mailed and sent via first class mail to Walter E. Diercks and Jeffrey Harris, attorneys for Defendants, Rubin, Winston, Diercks, Harris & Cooke LLP, 1155 Connecticut Avenue, NW, 6th Floor, Washington, DC 20036.

______________________________
Thomas L. McCally