IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| CoSTAR REALTY INFORMATION, INC. *et al*, | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. 8:07-CV-01182-AW |
| v. | * | |
| | * | |
| CENTERS & MALLS, LLC., *et al*, | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**************************************************************************

## MEMORANDUM OPINION

CoStar Realty Information, Inc. ("Plaintiff" or "CoStar") brings an action against Centers

& Malls, LLC. ("Defendant" or "Centers") and others, *inter alia*, for copyright infringement, breach

of contract, and other tort-related claims.  Currently pending before this court is Plaintiff's Motion

to Remove the "Confidential" Designation from the depositions of Robert Galvin, Guy Hays, and

Centers & Malls' corporate designee Garrett van Siclen (Paper No. 30), as well as Defendant's

Motion to Stay Proceedings Pending Appeal (Paper No. 38).   The Court held a telephonic

conference on Tuesday, August 28, 2007, whereby the Court heard arguments from both sides

regarding the resolution of both motions.  For the reasons stated below, the Court will grant

Plaintiffs' Motion to Remove "Confidential" Designation of the depositions and deny Defendants'

Motion to Stay Proceedings Pending Appeal.

### MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION

The Plaintiffs in this case argue that pursuant to the voluntary protective order entered into

by both parties and executed by this Court on June 12, 2007, the "confidential" designation of the entirety of the depositions taken with regard to Robert Galvin, Guy Hays, and Garrett van Siclen, do not contain proprietary information, trade secrets, and/or information that could constitute an invasion of privacy. Plaintiffs further argue that Defendant's "confidential designation" is unreasonably overbroad and places an undue burden on Plaintiff's use of the these depositions and transcripts during the proceedings.

Defendants, on the other hand, argue that the depositions taken cover a wide range of detailed and confidential information regarding the business of Centers & Malls, including but not limited to its finances, its relationships with its vendors, the contractual and compensation arrangements of Centers & Malls employees, its marketing strategies, database information, and contracts relating to its customers. Additionally, the depositions discuss in detail personal information regarding the three deponents, such as their marital statues, names of children, and employment, educational, and residential histories, that should be designated confidential.

This Court generally holds that it is customary to hold information confidential or put under seal only in compelling circumstances, since the Courts generally favor public disclosure. While the Court believes that there may be some confidential information in the depositions, the Court cannot agree that all 579 pages are confidential. Therefore, the Court will grant Plaintiffs' motion and put the burden on the Defendants to designate those *specific* parts of the depositions that are indeed "confidential," and the Court will direct Defendants to make those designations within ten days of the entry of the Order.

## MOTION TO STAY PROCEEDINGS PENDING APPEAL

In support of its motion to stay the proceedings in this Court pending its appeal in the Fourth

Circuit, Defendant argues that the Court's grant of the Temporary Restraining Order ("TRO") is appealable since it was issued after an evidentiary hearing and because it was extended beyond the statutory period for a TRO.  The Defendants also assert that the Court of Appeals can in fact consider and rule on this Court's ruling of Defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.

Plaintiffs, on the other hand, oppose Defendant's motion and argue that a stay in this case would not be appropriate because the Plaintiffs need time to properly conduct their discovery as to the extent and amount of damages, since continued use of Defendants' database could result in irreparable harm.

As a preliminary matter, the Court agrees with the Defendants, and the Plaintiffs do not contest, that a temporary restraining order ("TRO") is appealable as an interlocutory appeal to the circuit court.  However, this Court does not believe that a stay of the proceedings is warranted under the circumstances of this case nor under the case law.  An interlocutory appeal of an order granting or denying a preliminary injunction does not prevent this Court from proceeding on the merits. *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.,* 203 F. 3d 291, 301-302 (4th Cir. 2000) *(citing Ex Parte Nat'l. Enameling & Stamping Co.,* 201 U.S. 156, 162 (1906)); *New York State NOW v. Terry,* 886 F. 2d 1339 (2nd Cir. 1989).  Moreover, the Court does have discretion to determine whether to proceed or to stay the case pending appeal by balancing the rights of the parties. *Macon v. Bailor*, 428 F. Supp. 182, 187 (E.D. Va. 1977).

In light of the arguments put forth by both parties and in consideration of the rights and equities of both parties, this Court will proceed with the case on the merits.  As Plaintiffs have correctly asserted, even if the Fourth Circuit were to find that this Court has erred on the granting

of the TRO, this determination would have no impact on the proceedings that the Defendant is attempting to stay; Plaintiffs' other claims, such as copyright infringement, breach of contract, and other tort-related claims against the Defendants, will continue regardless of the validity of the TRO. Judicial economy does favor continuing these proceedings on the merits in this court rather than staying it for an unspecified amount of time while the Fourth Circuit makes its determination. Additionally, Plaintiffs have asserted that personal jurisdiction may not be properly before the Fourth Circuit. *Rux v. Republic of Sudan* 461 F. 3d. 461, (4th Cir. 2006). Given the reasons listed above, this Court is not convinced that a stay is warranted and will deny Defendants' motion to stay.

## CONCLUSION

In light of the arguments put forth by the parties in their papers and during the telephonic conference hearing, Plaintiffs' motion to remove "confidential" designation from the above-mentioned depositions is granted, and Defendants' motion to stay the proceedings is denied.

August 28, 2007
Date

/s/
Alexander Williams, Jr.
United States District Judge