CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 56

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **COSTAR REALTY INFORMATION, INC., ET AL.,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 8:07 CV 1182 AW** |
| | ) | |
| **CENTERS & MALLS, LLC, ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |
| | ) | |

**REPLY OF CENTERS & MALLS, LLC, ROBERT GALVIN AND GUY HAYS TO "PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT"**

Come now defendants Centers & Malls, LLC ("Centers & Malls"), Robert Galvin ("Galvin") and Guy Hays ("Hays") (collectively "Defendants")[1], by counsel Rubin, Winston, Diercks, Harris & Cooke, LLP, and file their Reply to "Plaintiff's Opposition to Motion to Dismiss First Amended Complaint," stating as follows:

Defendants have made the following motions with respect to the First Amended Complaint:

1. Dismiss the First Amended Complaint because CoStar has added a party, namely Garrett Van Siclen,("Van Siclen") without obtaining leave of Court, as required by Fed. R. Civ. P. 21;

2. Dismiss Count VI of the Complaint (Conversion) for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

CoStar has opposed the motion to dismiss both as to the issue of adding Van Siclen as a party and as to the issue of whether Count VI of the First Amended Complaint states a claim for which relief can be granted under Maryland law. Defendants demonstrate below that CoStar's Opposition is unpersuasive and that the Court should grant Defendants' motion.

**A. The First Amended Complaint Should be Dismissed for Failure to Comply with Fed. R. Civ. P. 21**

CoStar concedes that it filed the First Amended Complaint without obtaining leave of Court

[1] Counsel for Centers & Malls, Galvin and Hays do not represent Garrrett Van Siclen and Van Siclen is not a party to the instant motion to dismiss.

Dockets.Justia.com

before doing so. CoStar argues that this Court should not dismiss the First Amended Complaint for several reasons. First, it claims that, since under Fed. R. Civ. P. 21, misjoinder is not a ground for dismissal of a complaint, this Court should not dismiss the First Amended Complaint because Plaintiff attempted to add Van Siclen as a party without obtaining leave of court. Second, Plaintiff claims that Fed. R. Civ. P. 15(a) permits it to amend the complaint to add Van Siclen as a matter of right, regardless of the provisions of Rule 21. CoStar then argues that, even if it was required to seek leave of Court to add Van Siclen as a party, this Court should give CoStar leave to do so. This Court should reject CoStar's arguments and dismiss the First Amended Complaint.[2]

### 1. Rule 21's Provision that Misjoinder is not a Ground for Dismissal of an Action is not Relevant to Defendants' Motion to Dismiss.

CoStar's argument that the First Amended Complaint should not be dismissed because Rule 21 provides that misjoinder is not a basis for dismissal of a complaint is inapposite. Defendants are not asserting misjoinder. Defendants are asserting that CoStar added Van Siclen without first obtaining leave of Court, as it was required to do under Rule 21.

In addition, this Court's July 5, 2007 Order permitting CoStar to file certain amendments was carefully crafted by the Court to limit the amendments CoStar was permitted to make. Defendants' counsel understood that the Court wanted to insure that its leave to amend did not open the floodgates thereby making this simple case grossly more complex. Given the current posture of this case, the Court should not give CoStar leave to amend beyond those amendments authorized in the Court's July 5, 2007 Order.

[2] Defendants' argument that leave to file an amended complaint adding Van Siclen should be denied is not a make-weight argument. Discovery is well underway. In addition, as discussed *infra.*, it is highly unlikely that this Court has personal jurisdiction over Van Siclen in his individual capacity. For example, assuming that counsel for Van Siclen moves to dismiss for lack of personal jurisdiction, by the time the briefing cycle on such a motion is complete and the motion is decided, discovery will either be closed or be close to being completed.

### 2. Rule 21 and not Rule 15 Controls.

Plaintiff contends that it was not required to obtain leave of Court before adding Van Siclen as a party, citing Fed. R. Civ. P. 15(a), cases from circuits other than the Fourth Circuit and Wright & Miller, Federal Practice & Procedure. In their memorandum in support of their motion to dismiss, Defendants have acknowledged that there is a split of authority in the Circuits as to whether Rule 21 controls over Rule 15. Defendants request that this Court adopt the position first adopted by Judge Mehrige in *Joseph v. House*, 353 F. Supp. 367, 371 (E.D. Va. 1973), *aff'd in part and rev'd in part on other grounds sub nom., Joseph v. Blair*, 482 F.2d 475 (4th Cir. 1973), *cert. denied*, 416 U.S. 955 (1974), that Rule 21 precluded the plaintiffs from seeking to amend their complaint to add parties plaintiff as a matter of right. Significantly, CoStar does not dispute that the other three decisions by district courts in the Fourth Circuit on this issue have all agreed with Judge Mehrige.

Under these circumstances, this Court should adopt the position taken by all four district courts in this Circuit which have considered this issue and rule that Rule 21 precludes CoStar from seeking to amend its complaint to add a party as a matter of right and that Rule 21 only permits CoStar to amend its complaint to add a party with leave of this Court. Since CoStar failed to do so, this Court should grant Defendants' motion to dismiss the First Amended Complaint.

### 3. Leave Should not be Granted to Add Van Siclen as a Party

CoStar also makes several arguments to support its position that, if leave is required under Rule 21 to add Van Siclen as a party, this Court should grant such leave. First, CoStar argues that Van Siclen is "indispensable to this action," since, according to CoStar, Van Siclen "is responsible for taking and copying the database." However, the fact that Van Siclen is an alleged joint tortfeasor or may have joint and several liability does not make him either a necessary or indispensable party.[3]

---

[3] It is not necessary that all joint tortfeasors be named as defendants in a single lawsuit. *See, Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 329-330 (1955); *Bigelow v. Old*
(continued...)

Next, CoStar argues that it is early in the case and "before any of the parties have had the chance to take any discovery on the merits." CoStar neglects to inform the Court that, in fact, CoStar has served requests for production of documents, requests for admission and interrogatories on Centers & Malls, Galvin and Hays, so discovery is already ongoing on the merits.

CoStar also argues that it should be permitted to add Van Siclen as a party so that CoStar is not "forced to file a separate suit against Mr. Van Siclen . . . ." In making this argument, CoStar has ignored Defendants' argument that the factual allegations in the First Amended Complaint regarding personal jurisdiction over Mr. Van Siclen in Maryland are so sparse and patently inadequate that it can be anticipated that Van Siclen will file a motion to dismiss for lack of personal jurisdiction and that this motion to dismiss will be granted. Hence, CoStar almost assuredly will be "forced" to proceed against Van Siclen in a separate suit regardless of whether this Court grants CoStar leave to add Van Siclen as a party.

CoStar also argues that this Court in its July 5, 2007 Order granted CoStar leave to amend the complaint. However, this Court's July 5, 2007 Order clearly was addressing leave for CoStar to amend its complaint if it wanted to cure defects in its pleading of some of the counts of the complaint which the Court had dismissed. Nothing in the July 5, 2007 Order can be construed as granting leave to add a party. CoStar's reference to the Scheduling Order in its argument that the Court clearly contemplated that the potential for adding parties existed is also not supportive of CoStar's position. The Court's Scheduling Order clearly set August 20, 2007 as the deadline for

---

[3](...continued)
*Dominion Copper Mining & Smelting Co.,* 225 U.S. 111, 132, 32 S.Ct. 641, 644, 56 L.Ed. 1009 (1912). *See also, Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (CA5)(*per curiam*), cert. denied, 484 U.S. 854, 108 S. Ct. 158 (1987). The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U.S.C.App., p. 595. The same holds true for an indispensable party.

filing **motions** for joinder of additional parties, thus making it clear that the joinder of an additional party could only be made by motion. August 20, 2007 has now passed and CoStar never filed a motion to add a party.

Under these circumstances, this Court should dismiss the First Amended Complaint because CoStar purported to add a party without obtaining leave of court, as required by Rule 21.

**B. This Court Should Dismiss Counts VI (Conversion) for <u>Failure to State Claims for Which Relief can be Granted</u>**

Defendants have moved to dismiss Count VI (Conversion) of the First Amended Complaint on the basis that it fails to state a claim for which relief can be granted under Maryland law. Defendants gave three grounds to support its motion to dismiss Count VI.

First, Count VI of the First Amended Complaint never asserts that CoStar is the owner of the CD-ROM disk (the tangible physical object). Instead, CoStar only alleges (in ¶ 92) that it is the owner of the "database," which is intangible property. The only portion of the First Amended Complaint that arguably addresses the legal ownership of the physical CD-ROM disk is in Complaint ¶ 37, which alleges that Van Siclen "unlawfully took" the CD-ROM from "his former employer," *i.e.*, Claritas/Trade Dimensions. Hence, CoStar has failed to plead an essential element of the tort of conversion: **CoStar's** ownership of the physical object allegedly converted.

CoStar argues that this is incorrect. It points to ¶ 91 of the First Amended Complaint, which states that "in late 2005 Van Siclen took a CD-ROM containing the CoStar database from his former employer without authorization. The CD-ROM taken by Van Siclen was a physical object embodying National Research Bureau's work, the rights to which had been acquired by CoStar. " CoStar further points to ¶ 92 of the First Amended Complaint, which states that ". . .Defendants Van Siclen and Centers & Malls have unlawfully retained and misappropriated a physical object embodying the CoStar database and converted it to their own use, without Plaintiff's permission, interfering with Plaintiff's use and/or depriving Plaintiff of use of the database, which is owed by

CoStar." CoStar then argues that, from these allegations, this Court should conclude that "on the face of the First Amended Complaint CoStar is alleging that it was the owner of the CD-ROM unlawfully appropriated by Defendants Van Siclen and Centers & Malls."

The problem with CoStar's argument is obvious: Plaintiff only alleges (in ¶ 92) that it is the owner of the "database," which is intangible property. The only portion of the First Amended Complaint that arguably addresses the legal ownership of the physical CD-ROM disk is in Complaint ¶ 37, which alleges that Van Siclen "unlawfully took" the CD-ROM from "his former employer," *i.e.*, Claritas/Trade Dimensions. The fact that CoStar alleges that it owns the data on the CD-ROM is irrelevant to its conversion claim. If Random House owns the copyright to a novel and sells a copy of that novel to John Jones in book form and later Jane Doe steals John Jones' copy of the book, Random House does not have a conversion claim against Jane Doe because it does not own the physical object (the book) embodying the copyrighted work. The same is true in Count VI of the First Amended Complaint. Hence, CoStar has failed to plead an essential element of the tort of conversion: **CoStar's** ownership of the physical object allegedly converted.

Second, Defendants assert that, under Maryland law, conversion requires the exercise of unauthorized dominion and control **to the complete exclusion of the rightful possessor**. CoStar does not dispute that this is a correct statement of Maryland law. Conspicuously absent from the First Amended Complaint is any such allegation. Instead, Plaintiff merely alleges that "Defendants Van Siclen and Centers & Malls have unlawfully retained and misappropriated a physical object embodying the CoStar database and converted it to their own use, without Plaintiff's permission, interfering with Plaintiff's use and/or depriving Plaintiff of use of the database, which is owed by CoStar." First Amended Complaint at ¶ 92. CoStar then argues that its allegation in ¶ 92 somehow is an allegation that "CoStar has been deprived of the use of its CD-ROM, which has been taken without authorization." Again, CoStar has confused the intangible database with the CD-ROM

embodying the database. As demonstrated above, nowhere in the First Amended Complaint does CoStar allege that it owns the CD-ROM; it only alleges that it owns the database embodied on the CD-ROM. Thus, CoStar has not alleged that it is the rightful possessor of the CD-ROM and that Defendants have exercised control of the CD-ROM to the complete exclusion of the CD-ROM's rightful possessor. Hence, once again, CoStar has failed to plead an essential element of the tort of conversion: unauthorized dominion and control of the CD-ROM to the complete exclusion of CoStar.

Third, Defendants argue that in Maryland, the only intangible property rights that can be the subject of a conversion claim are those that are merged or incorporated into a transferable document, such as a stock certificate. The Maryland Court of Appeals has refused to extend the law of conversion to cover "completely intangible rights." Judge Chasanow, in applying Maryland law, held that a customer list and customer information "is not the type of intangible information generally thought to 'merge' with or be 'incorporated' into a transferable document." *Orteck International Inc. v. Transpacific Tire & Wheel, Inc.*, 2006 U.S. Dist LEXIS 67702 at *77-78. Similarly, a database cannot be thought to "merge" or be "incorporated" into a transferable document. Hence, CoStar has failed to plead an essential element of the tort of conversion: the conversion of tangible property or of the limited categories of intangible property generally thought to "merge" with or be "incorporated" into a transferable document.

CoStar argues that this argument " relied upon a false premise" because CoStar has alleged conversion of a CD-ROM, which is tangible property. While there is no doubt that the CD-ROM is tangible property, as demonstrated above, nowhere in the First Amended Complaint has CoStar alleged that it is the owner of the CD-ROM at issue and nowhere has CoStar alleged that any Defendant has exercised unauthorized dominion and control of the CD-ROM to the complete exclusion of CoStar. Hence, contrary to CoStar's vehement assertions, it has never alleged a cause

of action under Maryland law for conversion of the CD-ROM

For the foregoing reasons this Court should find that Count VI of the First Amended Complaint fails to state a claim for which relief can be granted and should dismiss Count VI without leave to amend.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the First Amended Complaint for failure to obtain leave of Court to add a party, as required by Fed. R. Civ. P. 21, and should decline to grant leave to amend to add Van Siclen as a party. Alternatively, this Court should dismiss Count VI for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: September 4, 2007

Respectfully submitted,

/s/ Walter E. Diercks
Walter E. Diercks (Bar # 22397)
Jeffrey Harris (Bar # 03198)
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 861-0870
Attorneys for Defendants