CoStar Realty Information, Inc. et al v. Centers & Malls, LLC et al Doc. 59

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICTOF MARYLAND**

| | | |
|---|---|---|
| COSTAR REALTY INFORMATION, INC., ETAL. | ) | |
| | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| vs. | ) | CASE NO.: 07-CV-01182-AW |
| | ) | |
| | ) | |
| CENTERS & MALLS, LLC, ET AL. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT GARRETT VAN SICLEN'S MOTION TO DISMISS**

Garrett Van Siclen, Defendant, by and through undersigned counsel, files this Reply to Plaintiff's Opposition to Defendant Garrett Van Siclen's Motion to Dismiss, and in support thereof states and avers as follows

## A. INTRODUCTION

1. In its Opposition, Plaintiff has advised that it intends to voluntarily dismiss Count VIII (Unauthorized Computer Access) of its First Amended Complaint against Defendant. Accordingly, there is no need for supplemental argument in this Reply.

2. The opposing arguments of the parties with respect to Defendant's Motion to Dismiss on the ground of lack of personal jurisdiction; and, on the ground of failure to state claims regarding Count I (Copyright Infringement); Count IV (Intentional Interference with Contractual Relations); Count VI (Conversion); and Count VII (Civil Conspiracy), appear to be sufficient to address the issues. No additional arguments will be set forth in the Reply with respect to those matters.

Dockets.Justia.com

3. Defendants submits below additional arguments with respect to his Motion to Dismiss Count V (Misappropriation of Trade Secret Material).

**B. COUNT V** (Alleged Misappropriation of Trade Secrets Materials)

This Reply supplements previous arguments regarding the insufficiency of the claim alleging misappropriation of trade secrets materials.

1. In its Response, Plaintiff states as follows:

> In addition, Paragraph 85 of the First Amended Complaint states: "CoStar has taken extensive steps to maintain the secrecy and proprietary nature of the source of is database *and proprietary information* so that it is not generally available to the public." (Emphasis added) The paragraph goes on to state several steps that CoStar has taken to protect this information, including requiring its employees to execute confidentiality agreements.

Response at 19-20

2. Paragraph 85 of the First Amended Complaint avers in its entirety as follows:

> 85. Costar has taken extensive steps to maintain the secret and proprietary nature of the source of its database and proprietary information so that is it not generally available to the public. The database is not generally available as compiled, combined and formatted, except under license agreements. The steps taken by CoStar to maintain the secrecy of its database and proprietary information include (without limitation) confidentiality agreements in the employment agreements of CoStar employees, license agreements with CoStar licensees that strictly limit use of and access to the database, annual copyright registrations for each updated version of the database, and ongoing registration for photographs taken by CoStar photographers. Indeed, the Costar

> business is dependent upon only its licensees being given access to the database for fees and only in a limited manner, so that others may not take and re-license or sell the database that has been prepared at great expense by CoStar.

The allegations of the Complaint with respect to the purported steps taken by Plaintiff to protect trade secrets material plainly are insufficient as a matter of law to support a misappropriation of trade secrets claim.

3. Part of the action brought by Plaintiff includes a claim of copyright infringement. Plaintiff has alleged that it has claimed copyrights in software, and has filed the appropriate registrations with the Copyright Office to protect its copyright claims. As the Court well knows, the Copyright Statute requires registrants of a copyright claim to deposit copies of the protected material with the Copyright Office that are open to public inspection. <u>See</u>,17 U.S. Code Sections 407, 408 and 705(a).

4. The only way in which Plaintiff as a copyright registrant can protect trade secrets material is to comply with the copyright office deposit regulation that deals with protection of trade secrets material. 27 C.F.R. sect. 202.20(c)(2)(vii)(A)(2) provides, in pertinent part, as follows:

> (2) Where the program contains trade secret material, the page or equivalent unit containing the copyright notice, if any, plus one of the following: the first and last 25 pages or equivalent units of source code with portions of the source code containing trade secrets blocked-out, provided that the blocked-out portions are proportionately less than the material remaining, and the deposit reveals an appreciable amount of original computer code; or the first and last 10 pages or equivalent units of source code alone with no blocked-out portions; or the first and last 25 pages of object code, together with any 10 or more consecutive pages of source code with no blocked-out portions; or for programs consisting of; or less than, 50 pages or equivalent units, entire source code with the trade

> secret portions blocked-out, provided that the blocked-out portions are proportionately less than the material remaining, and there remaining portion reveals an appreciable amount of original computer code. If the copyright claim is in a revision not contained in the first and last 25 pages, the deposit shall consist of either 20pages of source code representative of the revised material with no blocked-out portions, or any 50 pages of source code representative of the revised material with portions of the source code containing, trade secrets blocked-out, provided that the blocked-out portions are proportionately less than the material remaining and the deposit reveals an appreciable amount of original computer code. Whatever method is used to block out trade secret material, at least an appreciable amount of original computer code must remain visible.

5. No where in its Complaint does Plaintiff allege compliance with the Copyright Office regulation to protect its purported trade secrets in its copyrighted software.

6. Accordingly, by virtue of making deposits of copies of software along with its copyright registrations in the Copyright Office, Plaintiff has waived any and all claims regarding misappropriation of trade secrets materials. See e.g. Tedder Boat Ramp System Inc. v. Hillsborough County Florida, 54 F. Supp.2d 1300 (M.D. Fla.1999); Cinebase Software, Inc. v. Media Guaranty Trust, Inc., 1998 U.S. Dist. LEXIS 15007, at *29 (N.D. Cal. Sept. 24, 1998)( preserving trade secrets only for material redacted according to copyright regulation); *Phillips v. Avis, Inc.,* 1996 U.S. Dist. LEXIS 7342, at *7 (N.D. Ill. May 29, 1996).

7. As Plaintiff has alleged in its own First Amended Complaint: "Indeed the CoStar business is dependent upon only its licensees being given access to the database for fees and only in a limited manner so that others may not take and re-license or sell the database that has been prepared at great expense by CoStar. In view of that concession,

as well as Plaintiffs failure to affirmatively allege that it complied with the regulations of the Copyright Office in order to protect trade secrets material, it is apparent from the case law that has been cited that the misappropriation of trade secrets material claim has been waived and must be dismissed.

8. While Plaintiff has alleged that Defendant knew or should have known that its software database was copyrighted and licensed to certain users, no where does Plaintiff set forth sufficient allegations indicating that Defendant knew or should have known that the information in that database was trade secrets material, the disclosure of which would be a breach of confidence. Accordingly, the misappropriation of trade secrets material claim as pleaded is insufficient. Phillips v. Frey, 20 F. 3rd 623, 632 (5th Cir. 1994); Zemco Manufacturing, Inc. v. Navistar International Transportation Corp., 759 N.E. 2nd 239, 247 (Indiana App. 2002).

9. In addition to the averments set forth in the First Amended Complaint by Plaintiff concerning the Defendant, Plaintiff also is aware from the deposition that it has taken of Defendant, that Defendant was one of the key employees who worked on the development of the original software program for which Plaintiff claims copyright protection. It is a generally accepted rule that "an employee may carry away and use general skill or knowledge acquired the course of his employment" with an employer when the employee subsequently changes employment or enters into business. Ed Nowogroski Insurance, Inc. v. Rucker, 971 P. 2nd. 946, 947 (Wash. 1999). Accordingly, an employee like Defendant, who has that type of general skill or knowledge, could not have misappropriated Plaintiff's trade secrets material as a matter of law. Abbott Laboratories v. Norse Chemical Corp. , 147 N.W. 2nd 529, 533 (Wis. 1967).

10. The general allegations Plaintiff has made in its misappropriation of trade secrets claim in reference to "its database and proprietary information," are not sufficient to satisfy the preliminary pleading requirements for such claim. As the Fourth Circuit has noted:

> Although it was not necessary for Trandes to disclose all of the details of its trade secrets, it had to do more than merely allege that it had a "secret." See Diodes, Inc. v. Franzen, 260 Cal. App. 2d 244, 67 Cal. Rptr. 19, 24 (Cal. Ct. App. 1968).

Trandes Corporation v. Atkinson, 996 F. 2nd. 655, 662 (4th Cir. 1993)

11. The Complaint, as pleaded, is as deficient as the Complaint in the Trandes case regarding its purported trade secrets.

**C. CONCLUSION**

For all of the reasons stated, Plaintiff has failed to allege a claim for misappropriation of trade secrets material for which relief can be granted by this Honorable Court. Accordingly, that claim, Count V of the First Amended Complaint, must be dismissed.

Respectfully Submitted,

/s/ Neal M. Janey__________________
NEAL M. JANEY
Federal Bar No. 02285
928 North Charles Street, A-2
Baltimore, Maryland 21201
Telephone: 410-340-6616
Facsimile: 410-244-8568

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of October, 2007, true copies of the foregoing Reply to Plaintiff's Opposition to Defendant Garrett Van Siclen's Motion to Dismiss was filed and if necessary, hard copies were mailed, in accordance with the Electronic Filing Requirements and Procedures of the United States District Court for the District of Maryland

/S/ Neal M. Janey___________________________
Neal M. Janey