**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

COSTAR REALTY INFORMATION, INC.

Plaintiff,

v.

CENTERS & MALLS, LLC et al.

Defendants.

Civil Action No.: 07 CV 01182 AW

**STIPULATION FOR ENTRY OF JUDGMENT AND PERMANENT INJUNCTION AGAINST CENTERS & MALLS, LLC AND GARRETT VAN SICLEN AND [PROPOSED] ORDER**

Plaintiff CoStar Realty Information, Inc. ("CoStar"), Defendant Centers & Malls, LLC ("Centers & Malls"), Defendant Garrett Van Siclen ("Van Siclen"), Defendant Robert Galvin ("Galvin"), and Defendant Guy Hays ("Hays")(collectively "the Parties"), hereby stipulate as follows:

A. On May 8, 2007, CoStar simultaneously filed a Complaint and Motion for a Temporary Restraining Order ("TRO") in this Action (the "Action"). The Complaint asserted, among other things, claims for copyright infringement against Centers & Malls, Galvin and Hays, and claims for breach of contract against Galvin and Hays. After a hearing held on June 8, 2007, this Court granted CoStar's Motion for TRO and entered a TRO as to Centers & Malls and denied the entry of a TRO as to Galvin and Hays. The TRO entered against Centers & Malls,, among other things, prohibited the continued sale, distribution, and utilization of the Centers & Malls' database. The TRO entered by the Court was extended by consent pursuant to a June 21, 2007 Order. On July 16, 2007, CoStar amended its Complaint to add Van Siclen as an individual defendant.

B.  The claims asserted by CoStar in this Action are alleged to have arisen out of the misappropriation and subsequent sale of the Shopping Center Directory, a copyrighted database of retail real estate listings, the rights of which are owned by CoStar. In particular, this lawsuit arises out of the following facts alleged by CoStar:

1.  On January 20, 2005, CoStar acquired National Research Bureau ("NRB") and all of NRB's corresponding assets, property and rights. Included among the assets acquired by CoStar in this transaction was the Shopping Center Directory. The Shopping Center Directory is an extensive directory and database that was developed, copyrighted, and then licensed by NRB to its customers on a limited, non-exclusive basis. The Shopping Center Directory consists of listings of retail shopping center properties throughout the United States in both paper and searchable CD-ROM formats.

2.  At the time that NRB was acquired by CoStar, Galvin and Hays were employed by NRB as salesman for the Shopping Center Directory. After the acquisition, Galvin and Hays became CoStar employees. They both executed employment agreements with CoStar which prohibited them from disclosing any of CoStar's confidential information to any person, entity, firm or company. Both Galvin and Hays acknowledged that they were exposed to confidential information as employees of CoStar. They also agreed that for a period of one year after the termination of their employment from CoStar, they would not be employed by, participate in, or be associated in any manner with a company or business engaged in the provision of commercial real estate information or software.

3.  Van Siclen was formerly employed as a Senior Vice President of Trade Dimensions, a business whose parent company was a licensee of the Shopping Center Directory. Van Siclen retired from Trade Dimensions in December of 2005. Shortly before retiring, Van

Siclen, without authorization and with full knowledge of the limited terms of the Shopping Center Directory license, took a CD-ROM copy of the copyrighted Shopping Center Directory from his employer.

4. Upon his retirement from Trade Dimensions, Van Siclen, along with a business associate named Carmine Iosue, founded Centers & Malls. Centers & Malls was an entity that provided customers with a database that contained property listings for thousands of retail shopping centers throughout the United States and Canada. Centers & Malls competed directly with CoStar for customers interested in purchasing data related to retail shopping centers.

5. Centers & Malls created its shopping center database when Van Siclen sent a copy of the Shopping Center Directory CD-ROM that he had unlawfully taken from his former employer to a computer programmer located in Toronto, Canada.

6. Galvin and Hays left their employment with CoStar in June and July of 2006, respectively. At some point in late 2006, both Galvin and Hays began working for Centers & Malls. Galvin became Centers & Malls' Vice President for Sales and Strategic Partnerships. Hays became Centers & Malls Director of Client Development. Their primary job responsibility with Centers & Malls was to sell the Centers & Malls database that had been derived from the unlawful acquisition by Van Siclen of the CD-Rom copy of the Shopping Center Directory.

7. In violation of their employment agreements with CoStar, Galvin and Hays disclosed CoStar's confidential information to Centers & Malls, including information relating to former customers of the Shopping Center Directory. Galvin and Hays also violated their employment agreements by participating in a business engaged in the provision of real estate information or software within one year of the termination of their employment from CoStar.

8. In violation of the Copyright Act, Van Siclen and Centers & Malls created a

database that was copied from the Shopping Center Directory, and then subsequently sold that database to customers in direct competition with CoStar.

9. Before answering, Defendants filed a motion to dismiss the Copyright Infringement claim in this Action as to Centers & Malls, and the breach of contract claims in this Action as to Galvin and Hays. This motion was denied as to the Copyright Infringement and breach of contract claims, however it was granted with respect to some of the other claims alleged in CoStar's Complaint. CoStar filed a First Amended Complaint on July 16, 2007. Defendants have currently pending before this Court a Motion to Dismiss CoStar's First Amended Complaint. CoStar and Defendants have now agreed to settle this Action and have entered into a formal written Settlement Agreement and Mutual Release, the terms of which include that, among other things, Defendants consent to the entry of a Permanent Injunction/Consent Judgment in the form set forth below.

NOW THEREFORE, DEFENDANTS CENTERS & MALLS AND GARRET VAN SICLEN CONSENT AND AGREE THAT judgment shall be entered in the above-captioned matter in favor of CoSar Realty Information, Inc. and against Defendants Centers & Malls, LLC and Garret Van Siclen.

DEFENDANTS CENTERS & MALLS AND GARRETT VAN SICLEN FURTHER CONSENT AND AGREE THAT A PERMANENT INJUNCTION shall be entered in the above-captioned matter requiring Defendant Centers & Malls, along with each of its directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and Defendant Van Siclen to take the following actions:

1. Centers & Malls and Van Siclen shall permanently cease and desist from the sale, distribution, and utilization of the Centers & Malls' retail and/or shopping center products and services;

2. Centers & Malls and Van Siclen shall permanently prohibit access to Centers & Malls' retail and/or shopping center database products and services via the Centers & Malls website at www.centersandmalls.com including access to the site's "Test Drive" function;

3. Centers & Malls and Van Siclen shall permanently suspend all Centers & Malls' licensing agreements (including value added reseller agreements) with subscribers to its retail and/or shopping center database products and services;

4. Centers & Malls and Van Siclen shall immediately instruct any and all relevant parties, including Centers & Malls' computer programmer(s) and internet service provider(s) to permanently cease and desist from hosting and providing access to the Centers & Malls retail and/or shopping center database products and services.

ALL DEFENDANTS FURTHER CONSENT AND AGREE THAT, THEY have permanently deleted and destroyed, or within ten (10) business days will permanently delete and destroy, all elements of the Shopping Center Directory database service under its control, regardless whether in print or electronic form, including all information derived from use of the Shopping Center Directory database

DEFENDANTS CENTERS & MALLS AND VAN SICLEN FURTHER CONSENT AND AGREE THAT THEY shall collectively pay to CoStar the total sum of one million dollars ($1,000,000.00).

The Parties irrevocably consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and the Settlement Agreement. The Parties agree not to file this judgment, and/or any lien arising from this Order or the Agreement, with any Court other than the United States District Court for the District of Maryland, unless necessary to compel a party to adhere to the terms of this Order or the Agreement. If a party fails to abide by the terms of this Order or the Agreement, then a judgment or lien may be entered within another jurisdiction only against the breaching party. Any breach of this Order or the Agreement by one of the Parties will not be construed as a breach of settlement as to the remaining Parties, will not entitle any Party to damages or costs from a non-breaching Party, will not negate any Party's obligations to continue to perform under this Order or the Agreement, and this Order and the Agreements shall remain in full force and effect as to all non-breaching Parties.

**IT IS SO STIPULATED.**

**By the Parties:**

**COSTAR ~~REALTY INFORMATION~~, INC.**

______________________________ Dated: 1/8/08

Signed By: Andrew Florance (printed or typed)

Its: President + CEO (title)

**CENTERS & MALLS, LLC**

______________________________ Dated: ____________

Signed By: ____________________ (printed or typed)

Its: ____________________________ (title)


The Parties irrevocably consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and the Settlement Agreement. The Parties agree not to file this judgment, and/or any lien arising from this Order or the Agreement, with any Court other than the United States District Court for the District of Maryland, unless necessary to compel a party to adhere to the terms of this Order or the Agreement. If a party fails to abide by the terms of this Order or the Agreement, then a judgment or lien may be entered within another jurisdiction only against the breaching party. Any breach of this Order or the Agreement by one of the Parties will not be construed as a breach of settlement as to the remaining Parties, will not entitle any Party to damages or costs from a non-breaching Party, will not negate any Party's obligations to continue to perform under this Order or the Agreement, and this Order and the Agreements shall remain in full force and effect as to all non-breaching Parties.

**IT IS SO STIPULATED.**

**By the Parties:**

**COSTAR REALTY INFORMATION, INC.**

____________________________ Dated:____________

Signed By: _____________________(printed or typed)

Its:__________________________(title)

**CENTERS & MALLS, LLC**

[signature] Dated: Dec 31, 07

Signed By: [handwritten name](printed or typed)

Its: President (title)

**GARRETT VAN SICLEN**

_______________ Dated: Dec 31, 07

Signed By: Garrett Van Siclen (printed or typed)

Its:_______________(title)

**ROBERT GALVIN**

_______________ Dated:__________

Signed By: _______________(printed or typed)

Its:_______________(title)

**GUY HAYS**

_______________ Dated:__________

Signed By: _______________(printed or typed)

Its:_______________(title)

Approved as to Form by Counsel:

_______________
CARR MALONEY P.C.
Thomas L. McCally, Esquire
Nat P. Calamis, Esquire
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
Attorneys for CoStar Realty Information, Inc.

**GARRETT VAN SICLEN**

______________________________ Dated:__________

Signed By: ____________________(printed or typed)

Its:__________________________(title)

**ROBERT GALVIN**

Robert Galvin Dated: 12/21/07

Signed By: ROBERT GALVIN (printed or typed)

Its: VP, Business Develop (title)

**GUY HAYS**

______________________________ Dated:__________

Signed By: ____________________(printed or typed)

Its:__________________________(title)

Approved as to Form by Counsel:

______________________________

CARR MALONEY P.C.
Thomas L. McCally, Esquire
Nat P. Calamis, Esquire
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
Attorneys for CoStar Realty Information, Inc.

**GARRETT VAN SICLEN**

_______________________________ Dated:____________

Signed By: ____________________(printed or typed)

Its:____________________________(title)

**ROBERT GALVIN**

_______________________________ Dated:____________

Signed By: ____________________(printed or typed)

Its:____________________________(title)

**GUY HAYS**

_______________________________ Dated: 12/21/2007

Signed By: Guy Hays (printed or typed)

Its:____________________________(title)

Approved as to Form by Counsel:

_________________________

CARR MALONEY P.C.
Thomas L. McCally, Esquire
Nat P. Calamis, Esquire
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
Attorneys for CoStar Realty Information, Inc.

**GARRETT VAN SICLEN**

______________________________ Dated:____________

Signed By: ____________________(printed or typed)

Its:____________________________(title)

**ROBERT GALVIN**

______________________________ Dated:____________

Signed By: ____________________(printed or typed)

Its:____________________________(title)

**GUY HAYS**

______________________________ Dated:____________

Signed By: ____________________(printed or typed)

Its:____________________________(title)

Approved as to Form by Counsel:

Nat Calamis
______________________________
CARR MALONEY P.C.
Thomas L. McCally, Esquire
Nat P. Calamis, Esquire
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
Attorneys for CoStar Realty Information, Inc.

Rubin, Winston, Diercks, Harris & Cooke, LLP
Walter E. Diercks, Esquire
Jeffrey Harris, Esquire
1155 Connecticut Avenue, NW, 6th Floor
Washington, D.C. 20036
Attorneys for Centers & Malls, LLC, Robert Galvin, and Guy Hays

Neal M. Janey, Esquire
928 North Charles Street, A-2
Baltimore, Maryland 21201
Attorney for Garret Van Siclen